IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number:  10-cv-02435-MSK-KMT

A.H., a minor, by and through his parent and next friend,
TONY HADJIH, and
TONY HADJIH, individually,

**Plaintiffs,**

v.

EVENFLO COMPANY, INC., a Delaware corporation

**Defendant.**

---

# STIPULATED PROTECTIVE ORDER

---

In order to preserve and maintain the confidentiality of certain information, documents and tangible things to be identified and produced in this case by Defendant Evenflo Company, Inc. ("Evenflo"), with the agreement of the parties, the Court enters this Stipulated Protective Order.

1.      Documents and materials to be produced by Evenflo in this litigation that Evenflo contends constitute, contain or depict trade secrets or other confidential research, development or commercial information shall hereinafter be designated as "Protected Documents."  Prior to designating any materials as "Protected Documents," an Evenflo attorney will make a bona fide and good faith determination that the materials are, in fact, a trade secret, confidential technical information, or other commercially sensitive information entitled to protection under Federal Rule of Civil Procedure 26(c).  Such attorney(s) may rely when appropriate on information

provided by Evenflo employees, consultants or legal representatives to understand the content or competitive import of such Protected Documents.

2.      Evenflo shall designate materials as Protected Documents by stamping or labeling such documents and materials as "Confidential" in a manner that does not cover or otherwise obscure any of the content of such materials (e.g., documents shall be stamped or labeled at the top or bottom of the page whenever possible, but not over the text).  When used in this Order, the word "Documents" means all written material, photographs, video tapes, digital images and all other tangible items whether produced as hard copy, CD, DVD, or otherwise.  Except as otherwise indicated in this Order, Documents designated by Evenflo as "Confidential" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

3.      Protected Documents shall not include (a) advertising materials and (b) materials that on their face show that they have been published to the general public.

4.      Within thirty (30) days after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the confidential designation of all or any portion thereof by providing written notice thereof to counsel for Evenflo.  The parties shall thereafter confer within thirty (30) days after receipt of the written notice, and attempt to resolve informally the receiving party's concerns over any confidentiality designation.  If the parties are unable to agree as to whether the confidential designation of the discovered material is appropriate, no later than thirty (30) days after the parties meet and confer, Evenflo may file a motion for the purpose of determining whether the challenged documents are entitled to the protection of this Order.  The party seeking the protection afforded by this Order shall bear the

burden of establishing the challenged documents are entitled to such protections.  If such a

motion is filed, any document designated as a Protected Document shall remain protected by this

Order pending determination by the Court as to its confidential status.

5.      Protected Documents and any information contained therein shall not be shown,

disseminated, copied, provided or in any way communicated, to anyone for any purpose

whatsoever, except as provided for below.

6.      Protected Documents and any information contained therein shall be disclosed

only to the following persons:

A.      Counsel of record for this action for the party or party receiving Protected
        Documents or any information contained therein;

B.      Employees of such counsel (excluding experts and investigators) assigned
        to and necessary to assist such counsel in the preparation and trial of this
        action;

C.      Outside consultants and experts retained by the parties to consult and/or
        assist counsel in the preparation and trial of this action;

D.      Parties and/or their counsel involved in pending or bona fide potential
        litigation against Evenflo involving side impact accidents where there are
        allegations relating to an Evenflo Discovery child seat, only if the
        procedure outlined in paragraph 8, below is followed;

E.      The Court, including its staff, court reporters and members of the jury.

Except for those documents disclosed pursuant to section 6(D) above, Protected

Documents and any information contained therein shall be used solely for the prosecution of this

case.

7.      Before giving access to any of the Protected Documents or the information

contained therein to persons described in Paragraph 6(C), each person described in paragraph

6(C) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall

3

agree in writing, in the form attached hereto as Exhibit "A," to be bound by its terms and to submit to the jurisdiction of this Court.  All signed copies of Exhibit "A" given to persons described in Paragraph 6(C) shall be maintained by the party disclosing documents as part of the case files for as long as files are maintained pursuant to the party's ethical obligations (at least 10 years).

8.      Pursuant to paragraph 6(D), above, should a party to this action wish to disclose Protected Documents (or confidential information contained therein) during the pendency of this case to other attorneys involved in similarly situated litigation, the party wishing to make such a disclosure shall follow the procedure outlined below.  Similarly situated litigation shall mean litigation involving side impact accident where there are allegations related to a Discovery child seat.

A.      Before giving access to any of the protected Documents or the information contained therein, each person described in paragraph 6(D), above, shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as Exhibit "A," to be bound by its terms and to submit to the jurisdiction of this Court.  All signed copies of Exhibit "A" given to the persons described in paragraph 6(D) shall be provided to Evenflo when this case is concluded.

B.      Before disclosing any Protected Document (or confidential information contained therein) to any plaintiff or counsel in another case, the party wishing to make the disclosure must identify in writing to Evenflo's attorneys the identity of the person to whom disclosure will be made (including the person's name and address), identifying with particularity the Protected Documents (or confidential information contained therein) to be disclosed, and stating the purpose of such disclosure.

C.      If Evenflo does not agree to the disclosure, Evenflo will have twenty (20) days from receipt of said notification to object and request a hearing to determine the merits of such disclosure.  If Evenflo objects and requests a hearing, the party wishing to make the disclosure will not disclose the Protected Documents (or confidential information contained therein) unless and until the Court rules.

9.      Upon Conclusion of this action, all *original* Protected Documents and *copies* thereof shall be returned to counsel for Evenflo or destroyed by the party holding the same, with the exception that counsel shall maintain such copies as are necessary for the preservation of that party's files in accordance with the controlling ethical and common law rules.  All copies of Protected Documents that are provided to any party's consultants during the course of this litigation shall be returned to counsel for that party and destroyed or returned to counsel for Evenflo, along with an affidavit from each such consultant stating that all copies of such materials have been returned.  The affidavits mentioned above will be retained by Plaintiffs' counsel for ten (10) years.  Counsel for any party receiving Protected Documents under this Order may maintain copies of those Protected Documents that are deemed necessary for the preservation of that party's files in accordance with controlling ethical and common law rules.

10.     After termination of this litigation, the provision of this Order shall continue to be binding.  This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

11.     To the extent Protected Documents or information contained therein are used in depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony referring to the Protected Documents or information contained therein.

12.     The closure of any hearing or trial proceedings and sealing of the record of such proceedings may be taken up as a separate matter upon the motion of any of the parties, and the parties shall comply with D.C.COLO.L.CivR 7.2.

13.     The sealing of any Protected Documents shall comply with the requirements of D.C.COLO.LCiv R 7.2.  Any Protected Document attached to pleadings or motions filed with the Court shall be filed as a sealed document.  The Protected Document shall be sealed for 14 days.  If no motion to seal is filed within 14 days, the Protected Document will be automatically unsealed pursuant to D.C.COLO.LCiv R 7.2.

14.     Inadvertent or unintentional production of documents or information containing confidential information which is not designated "Confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

15.     The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, or advertise Protected Documents or any information contained therein.

16.     This Order shall be binding upon the parties hereto, upon their attorneys and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

IT IS SO ORDERED.

Dated  25th day of March, 2011.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge

Agreed and approved by:


  s/ William Marlin
William Marlin
Coppola & Marlin, P.C.
Counsel for Plaintiffs


  s/ Christopher Stucky
Christopher Stucky
Douthit Frets Rouse Gentile & Rhodes, LLC
Counsel for Plaintiffs


  s/ Michiko Brown
Michiko Brown
Wheeler Trigg O'Donnell LLP
Counsel for Defendant Evenflo Company, Inc.


  s/ Dan H. Ball
Dan H. Ball
Bryan Cave, LLP
Counsel for Defendant Evenflo Company, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number:  10-cv-02435-MSK-KMT

A.H., a minor, by and through his parent and next friend,
TONY HADJIH, and
TONY HADJIH, individually,

     **Plaintiffs,**

v.

EVENFLO COMPANY, INC., a Delaware corporation

     **Defendant.**

---

### EXHIBIT "A" TO STIPULATED PROTECTIVE ORDER

---

I, the undersigned, acknowledge that I have read the Stipulated Protective Order entered in the United States District Court for the District of Colorado, in the case designated as *A.H., a minor, by and through his parent and next friend, Tony Hadjih, and Tony Hadjih, individually, v. Evenflo Company, Inc.,* Civil Action Number 10-cv-02435-MSK-KMT, understand the terms thereof, and agree to be bound by such terms, and to be subject to the jurisdiction of this Court for enforcement of all terms of the Protective Order.

AGREED:  this ___ day of _____, 20___.

Printed Name: _____

Signature: _____

Address: _____