IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 10-cv-02435-RBJ-KMT

A.H., a minor, by and through his parents and next of friend,
TONY HADJIH and
TONY HADJIH, individually,

      Plaintiffs,

v.

EVENFLO COMPANY, INC., a Delaware Corporation,

      Defendant.

---

## ORDER on REMAINING IN LIMINE MOTIONS

---

      The Court briefly summarized the facts in ruling on "Defendant Evenflo Company, Inc.'s Motion in Limine Regarding Discovery Models 390 and 391."  Order, October 31, 2012 [docket #168].  Nine other motions in limine, and responses have been filed shortly before trial, one as recently as yesterday.

      **Plaintiff's Motion in Limine [#136]: GRANTED IN PART and DENIED IN PART.**

This is nine motions disguised as one.

1. DENIED.  The motion on its face does not give the Court any reasonable basis to exclude anything in limine.

2. DENIED.  If FMVSS 213 was the standard that specified requirements for child restraint systems that was in effect when the subject seat system was manufactured, the Court will give the rebuttable presumption instruction.  The argument that the

standard is inapplicable because it required frontal but not side impact testing goes to rebuttal of the presumption.

3. GRANTED.

4. DENIED.

5. DENIED.

6. DENIED.

7. DENIED.

8. GRANTED.  Magistrate Judge Tafoya's Scheduling Order issued January 10, 2011 [#26] provided that plaintiffs would designate all experts and provided all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 1, 2011.  Defendant was to do the same with respect to its experts on or before September 15, 2011.  Rebuttal expert disclosures were due January 15, 2012.  On July 8, 2011 Judge Tafoya extended defendant's deadline for designating/disclosing damages experts to September 26, 2011 [#51].  On August 30, 2011 Judge Tafoya extended defendant's deadline for non-damages and damages experts to September 30, 2011 [#67].  On January 9, 2012 Judge Tafoya extended the deadline for designation/disclosure of rebuttal experts to May 15, 2012 [#85].  On May 8, 2012 Judge Tafoya permitted plaintiffs to designate Leah R. Hoffman and to provide appropriate disclosures regarding her testimony by May 15, 2012 [#109].  The file reflects that plaintiffs served rebuttal expert disclosures of Wayne K. Ross, M.D. and Gary R. Whitman on June 11, 2012.  There is no indication in the file that defendant objected to this as a late disclosure, so I assume that there was an agreement on these two.  On June 19, 2012 Judge Tafoya extended the deadline for defense experts to submit supplemental reports to August

31, 2012 [#126].  To the best of my knowledge, these are the designation and disclosure deadlines that have been set in this case.  Any expert testimony not completely disclosed in full compliance with Rule 26(a)(2) by those deadlines will not be admitted absent agreement of the parties.  The Court specifically directs counsel not to attempt to offer expert opinions that have not been completely and timely disclosed.  The Court does not wish to have the trial delayed by avoidable debates as to whether some opinion was timely and fully disclosed and directs counsel for both parties to conduct themselves in this spirit.  The fact that an expert might have commented on something in a deposition is not disclosure and does not make an opinion not properly disclosed admissible.

9.  Confessed and GRANTED.

**Evenflo Company, Inc.'s Consolidated Motions in Limine With Respect to Miscellaneous Evidentiary Matters [#137]: GRANTED IN PART and DENIED IN PART.**

Like plaintiffs' #136, this is seven motions disguised as one.

1.  GRANTED.  Neither party should refer to discovery or other issues, motions, or ruling of the Court in the presence of the jury.

2.  DENIED.  This motion is overly broad.  I agree that plaintiff should not refer to defendant's policy as a "document destruction" policy if that is not its name.  It is normal for companies to have document retention policies, and if plaintiff implies otherwise, the Court will correct the record immediately.  However, the Court declines to rule in limine that plaintiffs may not refer to the policy by its proper name.  The Court is not persuaded that reports of other accidents involving the Model 316 or the 390/391 car seats are inadmissible, so long as the accidents were substantially

similar to the subject accident.  Likewise, defendant's policies and practices for

investigating or otherwise following up on reports of substantially similar accidents

are not necessarily inadmissible.  Defendant's policies or practices regarding

retention of returned products may or may not be admissible, but the Court declines

to rule on that in limine.  The questioning of Stephanie Thompson as quoted in the

motion will not be permitted.  This is little more than counsel parading their theories,

which is what closing argument is for.

3.  DENIED, but this evidence will be limited to the models 316, 390, 391, and

   prototypes of those models that had substantially identical latching systems.  The fact

   that tests addressed frontal impact goes to weight, not admissibility.  *See generally*

   this Court's October 31, 2012 order [#168].

4.  DENIED but limited as indicated with respect to sub-motion 3 above.

5.  DENIED.  However, it is obvious that cost is a factor that any manufacturing

   company considers with respect to a product.  Unless plaintiff can show the Court

   specific admissible evidence that Evenflo knowingly cut corners in terms of the safety

   of its latching mechanism for the 316, 390 or 391 models, the Court will not admit

   evidence or permit argument along this line.

6.  GRANTED.  Assuming that a sufficient foundation is established, an expert can

   testify as to a standard of care, that is, what a reasonable manufacturer would do in

   the same or similar circumstances.  They can express their opinion as to whether

   defendant's conduct fell below or even substantially below that standard.  However,

   they should refrain from expressing their opinions in terms of "negligence" or "strict

   liability."

7.   DENIED.

**Defendant Evenflo Company, Inc.'s Motion in Limine to Exclude Expert Opinion and Testimony of Dr. Wayne Ross [#138]: DENIED.**

Ordinarily courts should not address "Daubert" motions without a hearing if the parties have requested a hearing.  *See U.S. v. Nacchio,* 555 F.3d 1234, 1251 (10th Cir. 2009).  A hearing often is helpful even if oral argument has not been requested.  However, given the timing of the briefing in relation to the trial date (and the fact that the Court has been in trial nearly every day since the responses were filed), the Court has had no reasonable opportunity to hold a hearing on any of these motions.

I have reviewed the motion, the response, and most importantly, Dr. Ross' reports [#153-2 and 153-3].  The motion understates Dr. Ross' background as a forensic pathologist and neuropathologist.  I am satisfied by virtue of his medical training and his experience as a forensic neuropathologist, including the study and application of biomechanics and kinematics as expertise as described at pages one through three of his June 1, 2011 report that he is generally qualified to express the opinions contained in his reports.  The fact that Dr. Ross has a medical education and degree does not mean that he cannot have developed expertise through additional forensic training and, in particular, his experience in his job.  Specifically, the Court finds based on its review of this information that Dr. Ross' opinions, except as otherwise noted, are sufficiently relevant and reliable to be admissible within the meaning of F.R.E. 702.  He relies in part on information or opinions of others, which appear on the face of the report to be the type of information on which a forensic pathologist would reasonably rely in forming opinions, but that foundation must of course be established at trial.

Dr. Ross is not, however, qualified to express opinions regarding the latching mechanism, and he should avoid commenting on whether this car seat was or was not "well designed" or whether A.H.s injuries would have been different had he been placed in a "well-designed child safety seat."  He should refrain from discussing NHTSA testing and Mr. Whitman's opinions or research unless he can establish as a foundation both that (1) this is information of a type that a forensic pathologist would reasonably rely upon in forming opinions and (2) specific findings of Mr. Whitman are critical to his opinions.  Even then, he must avoid commenting on the merits or quality of Mr. Whitman's work or opinions.  The jury must evaluate Mr. Whitman's testimony without the benefit of a boost from Dr. Ross.  This does not mean, of course, that the defense cannot cross-examine Dr. Ross based upon anything in his report, including his reliance on opinions of Mr. Whitman.  He should avoid references to other cases against Evenflo, such as his reference to Malcolm v. Evenflo at page 15 of his June 1, 2011 report.  This does not necessarily preclude him from relying on information developed in a different case.

Dr. Ross should avoid commenting on whether Dr. Banks thinks his theory is unique or novel.  He should not comment on whether Dr. Banks' opinions were expressed to a "reasonable degree of medical certainty."  That is not a standard that applies under the modern rules of evidence.  *See People v. Ramirez,* 155 P.3d 371, 378 (Colo. 2007).  *See also Greig v. Botros,* 2012 WL 718914, at *3 (D. Kan. March 5, 2012).  This does not preclude him from expressing his disagreement with Dr. Banks' opinions based on their substance.

Except as noted above, however, the Court finds that defendant's objections to Dr. Ross' opinions as expressed in motion #138 go to the weight but not the admissibility of the opinions.  Please bear in mind, however, that the issue (like the motions regarding other experts discussed below) was presented as a motion in limine.  The Court's refusal to exclude evidence in limine

does not necessarily mean that evidence will be admitted, as the Court always can revisit the issues in the context of what actually is presented at trial. This is particularly important in situations like this where the Court has been unable to hold hearings on these motions. Please also keep in mind that the Court will limit the experts to matters disclosed in their reports regardless of what they might have said during depositions.

**Defendant Evenflo Company, Inc.'s Motion in Limine to Exclude Evidence of Plaintiffs' Hydraulic Ram Testing [#139]: DENIED.**

To begin with, I note that defendant focuses on Dr. Whitman's evolving opinions as expressed in his deposition. I repeat for emphasis that experts will be limited to opinions fully and timely disclosed in compliance with Rule 26(a)(2). This does not preclude cross-examination based upon admissions or other statements made by the expert in his or her deposition. However, the fact that an expert might have expressed an opinion in a deposition that was not in substance disclosed in compliance with the Rule will not be a back-door means of introducing opinions not properly disclosed.

Defendant argues that certain tests performed by Dr. Whitman purportedly to support his opinions are not representative of what took place during the accident. If so, that is good material for cross-examination and for an attack on the opinion by a qualified defense expert, such as Dr. Banks. *See* Banks opinion, August 31, 2012 [#140-2] at 3. It is not a ground for exclusion of the opinion.

**Plaintiff's Rule 702 Motion Pertaining to Defense Expert Robert Banks [#140]: DENIED.**

This is plaintiffs' counterpart to defendant's motion #138. Drs. Ross and Banks are well-qualified to express the opinions they expressed, albeit their opinions differ. The parties

essentially want the Court to act more as a jury in evaluating these experts' opinions than as a gatekeeper. I decline the invitation. I have reviewed the motion, response and Dr. Ball's reports of September 27, 2011 and August 31, 2012 [#140-1 and 140-2]. I am satisfied that he possesses appropriate credentials in medicine, engineering and work experience to express such opinions, and I find that his opinions are sufficiently relevant and reliable to be admissible under Rule 702. He is subject to the same strictures as I have applied to Dr. Ross.

**Plaintiffs' Rule 702 Motion Pertaining to Defense Expert Dennis A. Guenther and Request for Oral Argument [#141]: DENIED.**

I won't repeat comments made above, except to repeat that the Court is unable, due to the timing of the presentation of these motions, to hold oral argument in advance of the imminent trial. Suffice it to say that I have read the motion, response, and Dr. Guenther's report of September 15, 2011 [#141-1]. The Court finds from that information that Dr. Guenther is well qualified to express the opinions contained in the report. Plaintiff's objection focuses on paragraph 19 of the report concerning the kinetic energy of the Dodge Dakota at impact. Dr. Guenther apparently acknowledged in his deposition (which I have not read) that this opinion was added to the report at defendant's request, and that he "did not know 'where it's going to go or anything.'" Those acknowledgements do not indicate that the calculations summarized in paragraph 19 were not within his expertise or that his method of making such calculations was unreliable.

Whether the opinions are "relevant" within the meaning of Rule 702 is a different question. This entire report consists of technical calculations that, standing alone, are probably largely meaningless to a lay person. I acknowledge that the significance of the calculations must be interpreted, explained and applied to the facts of this case by someone with appropriate

expertise.  This does not mean defense counsel.  It does not mean the jury.  It likewise does not

mean Dr. Guenther, because he did not include any such opinion in his report.  I have not gone

back to study Dr. Banks' report again or other reports to determine whether these calculations

were used.  If not, then they are not relevant and should not be offered.  If they were used by

other experts in their analysis, they are relevant; and if such use was timely and properly

disclosed, then the calculations contained in paragraph 19 would be admissible.  I decline to

exclude these numbers in limine.

**Plaintiffs' Rule 702/Daubert Motion to Exclude Testimony Attributing A.H.'s Cognitive Deficits to His Upbringing and Family Background [#142]: GRANTED IN PART and DENIED IN PART.**

The Court has reviewed Dr. Asarnow's report [#142-1].  He is appropriately credentialed

as a neuropsychologist.  He expresses opinions, based on examination and a study of a great deal

of medical and other information, that A.H.'s verbal deficits are not entirely explainable by a

right brain injury.  He expresses an opinion that A.H.'s having been raised in a multilingual

environment (which in turn depends on the credibility of family members and A.H.'s

pediatrician) probably has contributed to his delays in verbal development.  That much of his

opinion, though dependent on the credibility of third parties, is relevant to causation and

sufficiently within his expertise to pass muster under Rule 702.  However, his comment on the

possible contribution of a "familial learning disability" appears to be based on unsupported

speculation, both as to whether there in fact is a "familial learning disability" and whether, if so,

it is a contributing cause of A.H.'s verbal deficit.

**Plaintiffs' Rule 702 Motion Pertaining to Defense Expert William Van Arsdell [#143]: DENIED.**

Plaintiff asks the Court to exclude Dr. Van Arsdell's opinions that the detachment was caused by intrusion, and that the crash was a high energy event. His reports of September 26, 2011 and August 31, 2012 [#143-2] do not detail his credentials. However, they indicate that he is a Ph.D., a Professional Engineer, and a Principal Engineer in his engineering firm, and I assume that his CV has been fully disclosed.

In the September 26, 2011 report Dr. Van Arsdell states that the "subject motor vehicle accident was a severe event." [#143-1 at 12, ¶1]. Of course it was. That is hardly a startling opinion. He also states that the "subject CRS is damaged, consistent with large forces having been applied to the CRS." *Id.* ¶8. While not using the word "intrusion" as such, this is what he is saying. He bases the opinion on damage to the car seat, which he discussed to some degree earlier in the report. *Id.* at 8. As plaintiffs note, he does not in his original report state that the intrusion caused the detachment. He elaborates on his "intrusion" opinion in his supplemental report, providing additional explanation as to why he believes intrusion contact occurred, and why he believes that inertial separation did not occur. The latter opinion is based on his interpretation of certain marks, abrasions, scrapes, stress whitening, distorted ribs and his analysis of the involved space. [#143-2 at 2-3]. This testimony is relevant and, based on my review of the reports, sufficiently reliable to be admitted. His criticisms of Mr. Whitman's opinions, to the extent they are based on the physical evidence and his different interpretation of it, are admissible.

That having been said, the Court will not permit Dr. Van Arsdell or other experts to provide explanations for opinions that are not disclosed in the reports. This is not to say that

only the exact words of the report may be used, or that there can never be any elaboration on a fairly disclosed opinion, but it is to say that the substance of the basis or bases for the opinion must have been disclosed.  Opinions or bases for opinions expressed in a deposition but not included in a report or supplemental report will not be received.  A mere reference to "my deposition testimony" is insufficient; the substance of the deposition testimony must be indicated.

**Defendant Evenflo Company, Inc.'s Motion to Exclude Undisclosed and Irrelevant Opinions of Gary Whitman [#169]: DENIED.**

On the one hand it can be said that the Court will, as I have emphasized time and again, exclude undisclosed opinions.  If an opinion was not fully, fairly and timely disclosed in compliance with Rule 26(a)(2), it will not be received.  That said, the Court denies this motion as untimely.  It was filed on the Friday before the Monday trial.  The plaintiffs obviously do not have a fair or reasonable opportunity to respond.

**Order**

1. Motion #136 is GRANTED IN PART and DENIED IN PART.

2. Motion #137 is GRANTED IN PART and DENIED IN PART.

3. Motion #138 is DENIED.

4. Motion #139 is DENIED.

5. Motion #140 is DENIED.

6. Motion #141 is DENIED.

7. Motion #142 is GRANTED IN PART and DENIED IN PART.

8. Motion #143 is DENIED.

9. Motion #169 is DENIED.

DATED this 3rd day of November, 2012.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge