IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number: 10-cv-02435-RBJ-KMT

A.H., a minor, by and through his parent and next friend, TONY HADJIH, and
TONY HADJIH, individually,

    **Plaintiffs,**

v.

EVENFLO COMPANY, INC., a Delaware corporation

    **Defendant.**

---

### PLAINTIFFS' RESPONSE TO EVENFLO'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF THE 74 PRIOR INCIDENTS INVOLVING SEAT/BASE SEPARATION ("OSI EVIDENCE")

---

At the first trial, Plaintiffs introduced evidence that Discovery seats had separated from the base in 74 prior incidents. This evidence of "other similar incidents" (OSI) was admitted for purposes of showing that Evenflo had notice of the dangerous seat/base separation problem involved with the Discovery when used with its base. Despite Evenflo's suggestion to the contrary, this evidence was not only relevant to Plaintiffs' design defect claims, but also to their failure to warn claims. In fact, the 10th Circuit explicitly cited to this evidence as part of its basis for holding that Plaintiffs presented sufficient evidence in the first trial to make a submissible case on their failure to warn claims. Evenflo's argument that OSI evidence is not relevant to those claims is completely unfounded.

Moreover, this Court's ruling in the first trial regarding the admissibility of the OSI evidence is now the "law of the case." Evenflo waived and/or forfeited any argument it may have had regarding the Court's ruling on this issue when it failed to cross appeal or otherwise

1

raise the issue on appeal before the 10th Circuit. And since the 10th Circuit specifically relied on that evidence in reversing and remanding for a new trial on Plaintiffs' failure to warn claims, the "law of the case" doctrine dictates that the Court follow its prior ruling that the OSI evidence is admissible for purposes of notice. Evenflo's motion must be denied.

## RELEVANT FACTS

At the first trial, the Court overruled Evenflo's objections to the evidence (the very same objections it asserts again here) and ruled that the OSI evidence was admissible.[1] Specifically, the evidence was admitted for purposes of showing that Evenflo had notice of the dangerous risk of seat/base separation.[2] In admitting the OSI summary (Plaintiffs' Exhibit 107), the Court gave a limiting instruction to the jury, explaining that the evidence was admitted "because arguably it shows notice to the manufacturer of what the plaintiffs claim are problems or experiences with the seats. . . . It doesn't necessarily prove a defect. But what it proves is that at least what the consumer is saying was made known to Evenflo. And that's what the consumer reports in the document are for and that's the only thing you can consider them for."[3]

At the close of Plaintiffs' case, Evenflo moved for a directed verdict on Plaintiffs' failure to warn claims.[4] In response, Plaintiffs argued that sufficient evidence was presented concerning those claims because the evidence showed that Evenflo had notice of 74 instances of seat/base separation prior to the date of the accident in which A.H. was injured, but despite knowledge of this dangerous risk Evenflo failed to warn consumers, including Plaintiffs, that the risk of seat/base separation could be avoided by using the seat *without* the base.[5] The Court granted

---

[1] Trial Tr. 223:15 – 225:20; 369:19 – 371:23 Nov. 6, 2012.
[2] Trial Tr. 369:15 – 371:1 Nov. 6, 2012.
[3] Trial Tr. 371:13-21 Nov. 6, 2012.
[4] Trial Tr. 1249:15 – 1252:1 Nov. 13, 2012.
[5] Trial Tr. 1252:19 – 1253:7 Nov. 13, 2012.

Evenflo's motion regarding the failure to warn claims.[6] The jury returned a defense verdict on Plaintiffs' design defect and CCPA claims. Neither one of those decided claims are at issue here.

Following the trial, Plaintiffs filed a motion for a new trial wherein they argued, among other things, that a directed verdict should not have been granted on their failure to warn claims because sufficient evidence had been presented to make a submissible case on those claims. Evenflo responded that the Court's decision to grant Evenflo a directed verdict was proper and that such claims were simply a "reiteration of their design defect claim."[7] But Evenflo did not challenge the admission of the OSI evidence or its relevance to Plaintiffs' warnings claims in responding to Plaintiffs' arguments.

Plaintiffs then appealed to the 10th Circuit arguing, among other things, that they were entitled to a new trial on their warnings claims because they made a submissible case. In support of that argument, Plaintiffs again pointed to the OSI evidence admitted at trial.[8] Plaintiffs noted that "[m]ost significant to the warnings issue was the evidence of other latch failures involving seat/base separations that had been reported to [Evenflo] by consumers . . .."[9] In fact, Plaintiffs specifically set forth in their briefing numerous comments that consumers had directed to Evenflo regarding these incidents.[10]

Evenflo did not file a cross-appeal challenging any of this Court's rulings in the first trial, including the admissibility of OSI evidence. Further, Evenflo did not object in its responsive brief to any of Plaintiffs' arguments for reversal based on the OSI evidence or otherwise address the issue in its brief. Evenflo simply argued that Plaintiffs' failure to warn claim "was a design

---

[6] Trial Tr. 1253:9-15 Nov. 13, 2012.
[7] Defendant Evenflo Company, Inc's Opposition to Plaintiffs' Motion for New Trial, pp. 17-18.
[8] Appellants' Opening Brief on Appeal, p. 6.
[9] *Id.* at p. 25.
[10] *Id.* at pp. 25-27.

3

…
defect claim masquerading as a failure-to-warn claim,"[11] and that any error in directing a verdict on the warning claims was harmless given the jury's verdict on the design defect claim.[12] Not once in its brief did Evenflo raise any of the arguments it is now raising in its motion *in limine* regarding the OSI evidence. Additionally, after the 10th Circuit issued its opinion remanding this case for a trial on the merits of Plaintiffs' warnings claims, Evenflo again did not raise any issues related to the OSI evidence in their Petition for Panel Rehearing.

## ARGUMENT

### I. The Court's ruling admitting the OSI evidence in the first trial is the "law of the case," such that it should be followed here and Evenflo's motion should be denied.

"The law of the case doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'"[13] The rule is "intended to prevent 'continued re-argument of issues already decided,' and to preserve scarce court resources—to avoid 'in short, Dickens's *Jarndyce v. Jarndyce* syndrome.'"[14] Here, the Court has ruled that the OSI evidence is admissible for purposes of notice. That ruling is now the "law of the case" because: (1) Evenflo did not challenge the ruling on appeal when the opportunity to do so existed; and (2) the 10th Circuit's holdings decided the issue by necessary implication when it expressly relied on that evidence as support for its determination that Plaintiffs made a submissible case on their failure to warn claims. As a result, the Court's admissibility ruling continues to govern in this case. The motion should be denied.

---

[11] *Id.* at p. 18.

[12] *Id.* at p. 25.

[13] *Dobbs v. Anthem Blue Cross and Blue Shield*, 600 F.3d 1275, 1279 (10th Cir. 2010) (quoting *Arizona v. California*, 460 U.S. 605, 618, (1983)), *cert. denied*, 504 U.S. 910 (1992).

[14] *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001) (quoting *Gage v. Gen. Motors Corp.*, 796 F.2d 345, 349 (10th Cir. 1986) and *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1035 (10th Cir. 2000)).

### A. Evenflo has waived any argument that the evidence was improperly admitted in the first trial, and therefore the Court's ruling is now the law of the case.

Evenflo waived its right to challenge the correctness of the Court's ruling with respect to the OSI evidence "by failing to seek review of that decision when they had the opportunity to do so."[15] Under the law of the case doctrine, "a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time."[16] The 10th Circuit and other appellate courts have recognized that this rule is "necessary to the orderly conduct of litigation" and "ensures that a party which fails to challenge a ruling in a first appeal does not 'stand better as regards the law of the case than one who had argued and lost.'"[17]

Here, the OSI evidence was admitted in the first trial for purposes of showing notice to Evenflo of a dangerous seat/base separation problem. And its admission was not restricted to Plaintiffs' design defect claims, despite Evenflo's representations to the contrary. All of Evenflo's objections during the first trial to the admission of the OSI evidence – the same objections it reasserts here – were overruled by this Court. But even though Evenflo knew that there was a chance the case would be remanded for a new trial on Plaintiffs' warnings claims, it did not raise any argument challenging the Court's admission of that evidence: (1) in its response to Plaintiffs' motion for a new trial; (2) through a cross-appeal; (3) in its appellate briefing; (4) at oral argument before the 10th Circuit; or (5) in its motion for rehearing following the 10th Circuit opinion and mandate. Not once did Evenflo raise any challenge to the Court's

---

[15] *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1184 (10th Cir. 1994).

[16] *Concrete Works of Colorado, Inc. v. City and County of Denver*, 321 F.3d 950, 992 (10th Cir. 2003) (quoting *Capps v. Sullivan*, 13 F.3d 350, 353 (10th Cir. 1993)).

[17] *Id.* at 992-93 (quoting *Laffey v. Northwest Airlines, Inc.*, 740 F.2d 1071, 1089 (D.C. Cir. 1984) and *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981)).

admission of the OSI evidence until its pretrial motion at issue here. Thus, the Court's ruling became the law of the case, and Evenflo is "deemed to have waived the right to challenge that decision at a later time."[18] So it is now barred by the doctrine from raising the issue here.[19]

> **B     The "law of the case" doctrine applies to the Court's ruling in the first trial regarding the OSI evidence as a result of the 10th Circuit's opinion and mandate.**

Even if this Court finds that Evenflo has not waived any argument that the OSI evidence was improperly admitted in the first trial, this Court's previous determination that the OSI evidence is admissible, as well as the 10th Circuit's holdings in its opinion remanding the case, nevertheless must be considered the "law of the case." The law of the case doctrine has "particular relevance following a remand order issued by an appellate court. 'When a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal.'"[20] This principle applies to all issues previously decided, "either explicitly or by necessary implication."[21] Here, as in *Rohrbaugh v. Celotex Corp.*, the 10th Circuit's holdings "were essential to the determination of the first appeal," such that the holdings are "law of the case" and binding on the Court.[22]

In its opinion, the 10th Circuit specifically relied on the OSI evidence as an essential part of its basis for reversing this Court's entry of a directed verdict on Plaintiffs' failure to warn claims and remanding for a new trial on those claims.[23] It noted that in light of the evidence Plaintiffs presented at trial, the district court concluded that, "construing the evidence in favor of

---

[18] *Martinez v. Roscoe*, 100 F.3d 121, 123 (10th Cir. 1996).
[19] *See id.*
[20] *Huffman*, 262 F.3d at 1132 (citing *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995)).
[21] *Rohrbaugh*, 53 F.3d at 1183.
[22] *See id.* at 1184 (holdings were "essential to the determination of the first appeal" because they provided the basis for declaring jury instructions erroneous and vacating the judgment).
[23] *A.H. ex rel. Hadjih v. Evenflo Co., Inc.*, 579 Fed. App'x. 649, 651 (10th Cir. 2014).

the plaintiffs, there was a 'fairly well-established history of detachments in similar car seats, substantially similar car seats, substantially similar situation and accidents.'"[24] Based on this evidence, the court ultimately concluded that the Plaintiffs presented sufficient probative evidence on the failure to warn claim to submit it to the jury.[25] In so holding, the 10th Circuit clearly found the evidence to be relevant, even key, to the validity of Plaintiffs' failure to warn claims. Thus, just as in *Rohrbaugh*, the OSI evidence provided the basis for the 10th Circuit's holdings here.

In finding that the "law of the case" doctrine applied to the holdings at issue in *Rohrbaugh*, the court rejected the argument that the holdings were dicta, and explained that dicta were "statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand."[26] Here, Evenflo makes the same argument rejected by the 10th Circuit in *Rohrbaugh* – that the 10th Circuit's references to the OSI evidence were made "in dicta." And its arguments fail for the same reason.

Moreover, the cases that Evenflo cites in support of its argument are materially distinguishable and do not apply to the situation here. In *U.S. v. Akers*, the court held that the admission of evidence in a first trial, which resulted in a mistrial, did not require their admission at the second trial, as no doctrine of law of the case operated under those *specific* circumstances.[27] The court explained that because the previous trial resulted in a mistrial and was therefore a "nullity," the court in the new trial "tries 'the case as if it were being tried for the first time . . . , as if there had been no prior trial.'"[28] Moreover, the court found that the evidence

---

[24] *A.H. ex rel. Hadjih*, 579 Fed. App'x. at 651-52.
[25] *See id.* at 654 (holding that the OSI evidence provided sufficient evidence for a jury to conclude that Evenflo had notice of the dangerous risk of seat/base separation).
[26] *Rohrbaugh*, 53 F.3d at 1184.
[27] *United States v. Akers*, 702 F.2d 1145, 1147-48 (D.C. Cir. 1983).
[28] *Id.* at 1147-48 (quoting *Hobbs v. State*, 191 A.2d 238, 239, cert. denied, 375 U.S. 914 (1963)).

7

at issue was not relevant to any issue in the case.[29] Here, the OSI evidence is relevant to Plaintiffs' warnings claims as established not only by this Court's admission of the evidence in the first trial, but also the 10th Circuit's reliance on that evidence in its holdings reversing the Court's directed verdict on Plaintiffs' warnings claims.

Evenflo also cites to *Menzer v. U.S.*[30] *Menzer* involved an appeal in which the criminal defendant was arguing that his counsel at trial was ineffective for failing to raise the "law of the case" doctrine to preclude the trial judge from revisiting her own evidentiary decision.[31] The facts of the *Menzer* case are clearly not analogous to the facts of this case and the decision is therefore not helpful for the court's analysis here. Additionally, the 7th Circuit noted in the decision that the "most compelling application of the [law of the case] doctrine occurs when a court of appeals has decided an issue."[32] And that is the situation here. In this case, the 10th Circuit clearly relied on the OSI evidence in finding that Plaintiffs presented sufficient probative evidence on their failure to warn claims to submit them to the jury.[33] Consequently, the admission of the OSI evidence is the law of the case and binding on this Court.

        **C.**    **None of the "exceptionally narrow" grounds for departing from the law of the case doctrine exist here.**

Although the "law of the case" doctrine is discretionary, the 10th Circuit has explained that departure from the doctrine is only justified in three "exceptionally narrow" circumstances: "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3)

---

[29] *Id.* at 1148.
[30] 200 F.3d 1000 (7th Cir. 2000).
[31] *Menzer*, 200 F.3d at 1004.
[32] *Id.*
[33] *A.H. ex rel. Hadjih*, 579 Fed. App'x. at 654.

when the decision was clearly erroneous and would work a manifest injustice."[34] None of those grounds exist in this case, where: (1) the OSI evidence in this subsequent trial is *exactly the same* as it was when the Court previously ruled that it was admissible; (2) no "controlling authority" made a contrary decision of the law applicable to these issues since the 10th Circuit's mandate; and (3) the decision was not "clearly erroneous," nor will it work a "manifest injustice" if followed.

Moreover, while Evenflo seems to recognize in its motion that the law of the case doctrine is implicated here, it does not even attempt to argue that one of these "exceptionally narrow" circumstances justifies deviation from the Court's prior rulings.[35] Consequently, the law of the case must be followed and Evenflo's motion must be denied.

**II.    Even if the Court's prior ruling regarding the OSI evidence is not deemed the law of the case, Evenflo's motion should be denied because the OSI evidence is relevant and admissible in this case for purposes of showing notice.**

In its motion, Evenflo makes the exact same arguments that it made in the first trial, all of which were considered and rejected by the Court. Evenflo argues that the OSI evidence is not relevant to the failure to warn claims, that Plaintiffs cannot establish that the prior incidents are "substantially similar," and that if the Court allows the OSI evidence, it should limit the evidence and provide a limiting instruction. As outlined above, all of these issues were previously resolved by this Court and the 10th Circuit, such that the OSI evidence is admissible as "law of the case." But even if this Court does not find the evidence to be "law of the case," the OSI evidence is clearly relevant to Plaintiffs' failure to warn claims. Moreover, Evenflo confuses and misstates the controlling legal authority regarding the "substantial similarity" standard for the

---

[34] *Huffman*, 262 F.3d at 1133.
[35] *See* Evenflo's Motion *In Limine* to Exclude Evidence of the 74 Prior Incidents Involving Separation, pp. 10-11.

admission of OSI evidence, and Plaintiffs have met the proper standard for the OSI evidence to be admissible here.

### A. "Substantial similarity" standard for OSI evidence.

Evidence of "other similar incidents" is admissible if the proper foundation is laid.[36] Relevance is determined by the "substantial similarity" test.[37] The substantial similarity test does not require evidence that the OSIs occurred under circumstances identical to those at issue.[38] Instead, the rule only requires substantial similarity "among the variables relevant to the plaintiff's theory of defect."[39] In other words, incidents need only be substantially similar when viewed from the perspective of plaintiffs' defect allegation.[40]

OSI evidence is routinely admissible "to demonstrate notice."[41] Whether incidents are "substantially similar" or not depends on the plaintiff's theory of the case;[42] similarity of circumstances surrounding the other incidents is "viewpoint dependent" and determined "by reference to the plaintiff's theory of defect."[43] Evenflo recognizes that the test depends on Plaintiffs' theory of the case, but it misstates the applicable standard and notably ignores other portions of the cases it cites that contradict its arguments here.[44] Specifically, Evenflo fails to acknowledge that when OSIs are offered as "notice" of a potential risk of harm, "the requirement of substantial similarity is relaxed."[45] To be admissible as "notice," the incidents need only be *"similar enough to the event in question that they would have alerted the defendant to the*

---

[36] *Four Corners Helicopters v. Turbomeca, S.A.*, 979 F.2d 1434, 1440 (10th Cir. 1992); *Wheeler v. John Deere Co.*, 862 F.2d 1404, 1407 (10th Cir. 1988).
[37] *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1247 (10th Cir. 2000).
[38] *Id.* at 1248.
[39] *Id.* at 1247.
[40] *Id.* at 1249.
[41] *Id.* at 1246.
[42] *Ponder v. Warren Tool Corp.*, 834 F.2d 1553, 1560 (10th Cir. 1987).
[43] *Smith*, 214 F.3d at 1249.
[44] *See* Evenflo's Motion *In Limine* to Exclude Evidence of the 74 Prior Incidents Involving Separation, p. 8.
[45] *Four Corners Helicopters*, 979 F.2d at 1440.

*problem or danger at issue.*"[46]   Any differences in the accidents "not affecting a finding of substantial similarity goes to the weight of the evidence."[47]

### B.    Plaintiffs have laid proper foundation for the admission of the OSI evidence under the "substantial similarity" standard.

As noted above, the Court already considered and ruled on this issue in the first trial. Plaintiffs laid a proper foundation for admission of the OSI evidence at the first trial, and the evidence remains relevant to the Plaintiffs' warnings claims.  So it is admissible again in this trial to show that Evenflo had notice of the risk of seat/base separation.[48]   Moreover, at the first trial, the evidence was admitted for these purposes and was not limited solely to Plaintiffs' design defect claims.  At the first trial, Plaintiffs offered the OSI evidence to show notice of the dangerous seat/base separation problem, and the Court admitted the evidence for that purpose.[49]

In ruling that the OSI evidence was admissible, this Court issued a limiting instruction to the jury explaining the limitations of this "notice" evidence:[50]

> So the controversy is some of the contents of this exhibit – and I'm going to admit the exhibit – some of the contents are reports from consumers that just get called in or mailed in and like that.  Those are what would be called out-of-court statements.  If they're offered to prove the truth of what they assert, they would be hearsay and probably not admissible in evidence.  Because the defendant can't cross-examine these people.
>
> ***But I'm going to admit it because arguably it shows notice to the manufacturer of what the plaintiffs claim are problems or experiences with the seats.***  That's a subtle distinction, I know that.  But the point I'm making is, what the consumer is saying isn't necessarily true.  It doesn't necessarily prove a defect.  ***But what it proves is that at least what the consumer is saying was***

---

[46] *Smith*, 214 F.32 at 1248.

[47] *Wheeler*, 862 F.2d at 1408.

[48] *See A.H. ex. rel. Hadjih*, 579 Fed. App'x at 651 (explaining the elements of negligent failure to warn, namely (1) the existence of a duty on the part of the defendant to warn buyers of any dangers that were known or should have been known, (2) breach of that duty by the defendant, and (3) injury to the plaintiff resulting from that breach")

[49] Trial Tr. 370:25 – 371:1 Nov. 6, 2012.

[50] Trial Tr. 371:13-23 Nov. 6, 2012.

> *made known to Evenflo. And that's what the consumer reports in this document are for and that's the only thing you can consider them for.*[51]

In admitting the OSI evidence for this purpose, the Court overruled Evenflo's objections and ruled that Plaintiffs laid a proper foundation for the evidence by establishing that the prior incidents were "similar enough to the [accident at issue in this case] that they would have alerted the defendant to the problem or danger at issue."[52] As the 10th Circuit recognized in its opinion, the OSI evidence was relevant to Plaintiffs' failure to warn claims and was "sufficient for the jury to find that Evenflo knew or should have known before the accident that carriers had sometimes separated from their bases in the Discovery Infant 316 car seat."[53]

**III.    The only limiting instruction proper or necessary regarding the OSI evidence is the same as what the Court gave in the first trial, i.e. that the evidence is only to be considered for purposes of proving notice to Evenflo.**

Evenflo argues that if this Court admits the OSI evidence, it should give a limiting instruction "like it did in the first trial."[54] But here Evenflo does not seek a limiting instruction from the Court explaining to the jury that the OSI evidence can only be considered as proof of notice to Evenflo, as the Court did in the first trial. Rather, Evenflo asks the Court to instruct the jury that : (1) any latch separations are not, as a matter of law, evidence of a design defect; (2) as a matter of law, the latch is not defectively designed such that it is unreasonably dangerous; and (3) the evidence is admissible only to the extent the jury thinks Evenflo's knowledge of the incidents required Evenflo to change its federally approved warnings and include a warning that

---

[51] Trial Tr. 371:5-21 (emphasis added) Nov. 6, 2012.
[52] *Smith*, 214 F.32 at 1248.
[53] *A.H. ex. rel. Hadjih*, 579 Fed. App'x. at 651.
[54] Evenflo's Motion *In Limine* to Exclude Evidence of the 74 Prior Incidents Involving Separation, pp. 3-4.

12

severe intrusion could lead to separation even though the product was not defectively designed.[55] This is improper and hardly constitutes a "limiting" instruction.

The first two instructions suggested by Evenflo would inject issues that are entirely irrelevant in this failure to warn case. Evenflo asks the Court to instruct the jury that the Discovery seat is not defective in design even though that is clearly and admittedly not at issue. Evenflo even states in the same section of its motion that "the scope of the evidence Evenflo can introduce is limited to failure to warn."[56] The second portion of the third instruction – the statement "even though the product was not defectively designed" – is likewise irrelevant in this case. Moreover, as outlined more fully in Plaintiffs' response to Evenflo's motion for judicial notice of the prior verdict and judgment, the jury's verdict from the first trial did not specifically find that there was no "design defect."[57] Because of this, Evenflo is merely speculating as to what the jury found, as the jury could have determined that just one or more of the statements outlined in the jury instructions were not proved at trial.[58] Therefore, Evenflo's assertion that the Discovery seat was "not defectively designed" is *not* conclusive as a matter of law, and it would misleading and extraordinarily prejudicial for the Court to give such an instruction.

The third instruction regarding "Evenflo's knowledge of the incidents" which "required Evenflo to change its federally approved warnings and include a warning that severe intrusion could lead to separation" is also irrelevant and misleading. It is also not reflective of Plaintiffs' warnings claims at issue, which are based on the known, dangerous risk of seat/base separation in accidents when the Discovery is used with the base.[59] The assertion that Evenflo would have

---

[55] *Id.* at pp. 13-14.
[56] *Id.* at p. 13.
[57] Plaintiffs' Response to Evenflo's Motion for Judicial Notice of Prior Verdict and Judgment, pp. 4-5.
[58] *See id.*
[59] Evenflo also asserts on page 2 of its motion that the Discovery seat was "never designed to be used solely as a one piece." This assertion is clearly false. Not only does the owner's manual for the Discovery seat provide instructions

been required to change its "federally approved warnings" is both inaccurate and misleading, as NHTSA does not "approve" warnings or even regulate the type of warning Plaintiffs argue should have been given in this case.[60]

For these reasons, the limiting instructions suggested by Evenflo should not be submitted to the jury. The only limiting instruction that is arguably needed regarding the OSI evidence is the same as what the Court gave in the first trial, namely that the evidence is only to be considered for purposes of proving notice to Evenflo. This instruction would prevent any prejudice to Evenflo and would ensure that the "jury does not view the evidence as notice of a design defect," as suggested by Evenflo in its motion, even though no claims of design defect will be submitted to the jury in the upcoming trial, and will not be in issue.

## CONCLUSION

For all the reasons set forth *supra*, Plaintiffs request that this Court deny Evenflo's motion in limine to exclude the OSI evidence.

Respectfully Submitted,

/s/ Jeffrey D. Rowe_____
R. Douglas Gentile
Jeffrey D. Rowe
Douthit Frets Rouse Gentile & Rhodes, LLC
5250 W. 116th Place, Suite 400
Leawood, Kansas  66211
(913) 387-1600
(913) 928-6739 - fax
dgentile@dfrglaw.com
jrowe@dfrglaw.com

---

for using the seat with the base (in a two-piece configuration) or without the base (a one-piece configuration), Evenflo has submitted numerous pleadings admitting that "Evenflo did advise Plaintiffs and all purchasers that the seat can be used without the base." Moreover, the 10th Circuit explains both configurations in detail in its opinion as well.

[60] For a more detailed discussion on this issue, Plaintiffs refer the court to its Motion in Limine # 1 to Preclude any and all Testimony and Evidence Regarding Evenflo's "Compliance" with FMVSS 213. Moreover, Evenflo admits on page 5 of its motion that "NHTSA never considered or even mentioned the use of a warning to correct a product that was not defective in design."

        William C. Marlin
        Franklin D. Azar and Associates P.C.
        14426 East Evans Avenue
        Aurora, Colorado 80014
        (303) 757-3300
        (303) 757-3206 – fax
        Marlinb@fdazar.com
        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon counsel for defendant Evenflo via electronic notification this 9th day of November, 2015.

John M. Fitzpatrick
Michiko A. Brown
Erin F. Frohardt
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Fitzpatrick@wtotrial.com
Brown@wtotrial.com
Frohardt@wtotrial.com

Dan H. Ball
Richard P. Cassetta
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
dhball@bryancave.com
richard.cassetta@bryancave.com

        /s/ Jeffrey D. Rowe_____
        Attorney for Plaintiffs