IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number:  10-cv-02435-RBJ-KMT

A.H., a minor, by and through his parent and next friend,
TONY HADJIH, and
TONY HADJIH, individually,

    Plaintiffs,

v.

EVENFLO COMPANY, INC., a Delaware corporation

    Defendant.

---

**DEFENDANT EVENFLO COMPANY, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* #1 TO PRECLUDE ANY AND ALL EVIDENCE REGARDING EVENFLO'S "COMPLIANCE" WITH FMVSS 213 (ECF NO. 224)**

---

Defendant Evenflo Company, Inc. ("Evenflo"), respectfully responds in opposition to Plaintiffs' Motion *In Limine* #1 To Preclude Any And All Evidence Regarding Evenflo's "Compliance" With FMVSS 213 (ECF No. 224).

## INTRODUCTION

Plaintiffs ask the Court to exclude evidence of Evenflo's compliance with Federal Motor Vehicle Safety Standard 213 ("FMVSS 213"), which is the governmental standard that addresses the labeling and warning requirements for car seats. Plaintiffs further urge that the Court decline to apply Colorado's presumption of non-defectiveness for compliance with governmental standards. In support, Plaintiffs argue only that, because FMVSS 213 does not address the *precise* warning they claim Evenflo should give, the standard is irrelevant and the statutory presumption is inapplicable.

The Court has already considered and rejected this argument. As the Court held prior to the first trial—a holding that Plaintiffs did <u>not</u> appeal—a purported lack of fit between a regulation and the specific facts of a case goes to rebuttal of Colorado's statutory presumption and not the threshold applicability of the presumption. The same conclusion applies here. Plaintiffs do not dispute that FMVSS 213 covers the car seat or that it addresses the labeling and warning requirements for car seats. Nor do Plaintiffs dispute that Evenflo complied with FMVSS 213's labeling and warning requirements. Under the statute's plain language, the presumption applies and the Court must instruct the jury on it. As Colorado law puts Evenflo's compliance with the regulation at issue, evidence regarding Evenflo's compliance is relevant and admissible at trial.

As the presumption applies in this case, and evidence concerning Evenflo's compliance with it is relevant, the Court should deny Plaintiffs' motion.

## BACKGROUND

This case arises out of a motor-vehicle accident that occurred on June 10, 2005. On that evening, Ms. Razika Daya Hadjih, wife of Plaintiff Tony Hadjih and mother of Plaintiff A.H., made an illegal left hand turn in front of an oncoming truck, which had the right-of-way. The truck slammed into the passenger side of Ms. Hadjih's Jeep Cherokee at approximately 40 miles per hour. The massive impact resulted in nearly two feet of intrusion into A.H.'s occupant space. This intrusion forced the Evenflo Discovery Model 316 car seat, in which A.H. was restrained, off its base. A.H. suffered head injuries as a result of the accident.

Prior to the first trial in this matter, Plaintiffs moved to exclude evidence that the subject Model 316 Discovery car seat complied with FMVSS 213. (Pls.' Mots. *in Limine*, ECF No. 136,

at 7-9.) The essence of Plaintiffs' argument was that differences between the subject crash and the testing required for FMVSS 213 certification rendered that standard "not applicable." (*Id.*) Thus, Plaintiffs urged, C.R.S. § 13-21-403(1)(b)'s rebuttable presumption was not applicable, and any evidence of the child seat's compliance with FMVSS 213 was irrelevant and inadmissible. (*Id.*)

The Court denied Plaintiffs' motion, explaining that Plaintiffs' arguments went to rebutting the statutory presumption and not its threshold applicability:

> 2. DENIED. If FMVSS 213 was the standard that specified requirements for child restraint systems that was in effect when the subject seat system was manufactured, the Court will give the rebuttable presumption instruction. The argument that the standard is inapplicable because it required frontal but not side impact testing goes to rebuttal of the presumption.

(Order on Remaining *in Limine* Mots., ECF No. 170, at 1-2.) The Court instructed the jury on the presumption. (*See* Jury Instructions, Instruction No. 16, ECF No. 179-5, at 16.)

The Court dismissed Plaintiffs' failure to warn claim at the close of Plaintiffs' case. (Order, Nov. 13, 2012, ECF No. 176.) The jury returned a verdict in Evenflo's favor on the remaining claims. (Verdict Form, ECF No. 179-6.) Plaintiffs appealed to the Tenth Circuit, which reversed the dismissal of the failure to warn claim because it found that an inadequate warning claim based on the theory that a one-piece configuration is a safer alternative, if proved, could be a viable claim.[1] *See A.H. ex rel. Hadjih v. Evenflo Co., Inc.*, No. 13-1403, 579 Fed.

---

[1] In their Motion, Plaintiffs claim that Evenflo should have warned of the "known potential" of separation. (*See* Pls.' Mots. *in Limine*, ECF No. 224, at 2.) However, this is not the correct statement of Plaintiffs' claim, either according to the Tenth Circuit or the evidence in the case. According to the Tenth Circuit's analysis of a possible warnings claim, and the supplemental report of Plaintiffs' expert, Gary Whitman, the only potential claim of inadequate

*(Footnote cont'd on next page)*

App'x 649, 654 (10th Cir. 2014). Plaintiffs did not appeal the Court's application of C.R.S. § 13-21-403(1)(b)'s rebuttable presumption. *See id.*

## ARGUMENT

I. **EVENFLO IS ENTITLED TO AN INSTRUCTION UNDER C.R.S. § 13-21-403(1)(b) THAT THE CAR SEAT WAS NOT DEFECTIVE**

The rebuttable presumption of non-defectiveness under C.R.S. § 13-21-403(1)(b) is plainly applicable to this case—as the Court previously held. The statute provides that the presumption of non-defectiveness applies as follows:

> (1) In any product liability action, it shall be rebuttably presumed that the product which caused the injury, death, or property damage was not defective and that the manufacturer or seller thereof was not negligent if the product:
>
> . . .

---

*(Footnote cont'd from previous page.)*

warning in this case is whether Evenflo should have provided a warning that use of the Discovery without the base is safer that with the base. This is the potential claim addressed by the Tenth Circuit and by the Whitman supplemental expert report. Plaintiffs should not be allowed to pursue an inadequate warning claim based on the failure to tell consumers that a carrier can detach from a base.  Evenflo objects to such a claim because it is contrary to the Tenth Circuit opinion and Plaintiffs' expert evidence. *See A.H. ex rel. Hadjih*, 579 Fed. App'x at 654; Whitman Supplemental Report, ¶¶ 4-8, attached as Exhibit A. As the Tenth Circuit held, because "the purpose of a warning is to make the use of a product safe or at least safer," the warning must speak to the relative safety of using the seat without the base. *A.H. ex rel. Hadjih*, 579 Fed. App'x at 652. The fact of a possibility of separation, without more, does not speak to the safety of the seat with or without the base. Instead, Plaintiffs must show that the possibility of separation, when combined with all other relevant aspects of overall safety, means that the seat is safer when used without the base. Plaintiffs also must then show that Evenflo should have warned of the relative safety and "allowed consumers to decide based on full information when or whether to trade added safety for added convenience." *Id*. Evenflo will present evidence that use of the Discovery without the base is not safer, in terms of overall safety. Thus, the potential warning claim discussed by the Tenth Circuit and the Whitman supplemental report is without engineering support. Evenflo will establish this at trial.

>    (b) Complied with, at the time of sale by the manufacturer, any applicable code, standard, or regulation adopted or promulgated by the United States or by this state, or by any agency of the United States or of this state.

C.R.S. § 13-21-403(1)(b). Thus, under the statute, there are two requirements for the presumption to apply: it must be a "products liability action" and there must be an "applicable code, standard, or regulation." Plaintiff challenges only whether FMVSS 213 is an "applicable code, standard, or regulation," but their argument is without merit.[2]

Plaintiffs expressly acknowledge that FMVSS 213 addresses labeling and warning requirements for car seats: "At that time – and still to this day – FMVSS 213 requires child seat manufacturers to comply with mandatory labeling requirements, including the providing of certain specific warnings set forth in the regulation."[3] (Mot. at 4; *see also* Ex. B to Mot., 49 C.F.R. Ch. V § 571.213(S5.5, Labeling).) Plaintiffs further acknowledge that Evenflo ***complied*** with FMVSS 213's labeling and warning requirements. (*See* Mot. at 4 ("Plaintiffs do not contend that the Discovery failed to include the mandatory warnings or comply with the labeling requirements.").)

Despite effectively conceding Evenflo's compliance with the FMVSS 213—which should conclusively trigger application of C.R.S. § 13-21-403(1)(b)—Plaintiffs argue that the

---

[2] Plaintiffs' failure to warn claim falls within the definition of a "product liability action" under the statute. Indeed, the definition of a "product liability action" expressly includes failure to warn. *See* C.R.S. § 13-21-401(2).

[3] More generally, FMVSS 213 "specifies the requirements for child restraint systems used in motor vehicles." 49 C.F.R. Ch. V § 571.213(S1, Scope). By its terms, it applies "to child restraint systems for use in motor vehicles." 49 C.F.R. Ch. V § 571.213(S3, Application). FMVSS 213 is thus a standard adopted by an agency of the United States which is applicable to the child seat.

presumption of compliance does not apply because FMVSS 213 does not address the specific warning they claim Evenflo should have given. Plaintiffs' construction of § 13-21-403(1)(b) finds no home in the statute's language or case law, and the Court should reject it.

Nothing in the language of § 13-21-403(1)(b) requires that a "code, standard, or regulation" address the precise factual circumstances or legal theories at issue in order for the presumption to apply.[4] Indeed, the definition of "applicable" requires only that the "code, standard, or regulation" "affect[] or relat[e] to . . . [the situation]." *See* APPLICABLE, Black's Law Dictionary (10th ed. 2014) ("2. (Of a rule, regulation, law, etc.) affecting or relating to a particular person, group, or situation; having direct relevance."). Thus, under the "plain language" of § 13-21-403(1)(b), FMVSS 213 is an "applicable . . . standard" because it affects or relates to the safety of the car seat and the required labeling and warnings for the car seat.

The only case Plaintiffs cite in support of their contrary reading of the statute, *Compton v. Subaru of Am., Inc.*, 82 F.3d 1513 (10th Cir. 1996) (overruled on other grounds by *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999)), is easily distinguishable. The Kansas Product Liability Act at issue in Compton provided for a presumption of no product defect "[w]hen the injury causing aspect of the product was, at the time of manufacture, in compliance with . . . administrative regulatory safety standards relating to design or performance." *Id.* at 1520-21 (quoting Kan. Stat. Ann. § 60-3304(a)) (emphasis added). The Kansas statute's reference to injury causation mandates consideration of individual crash or injury facts to determine whether

---

[4] Although Plaintiffs contend that the "plain language" of the statute is controlling, they offer no definition of "applicable."

a standard governs the precise aspect of product performance at issue before a presumption may arise in a given case. By contrast, Colorado's statute focuses solely on a product's compliance with any government standard applicable to it at the time of manufacture in order to establish the presumption. *Compare* C.R.S. § 13-21-403(1)(b) *with* Kan. Stat. Ann. § 60-3304(a). In other words, it is clear from the plain language of the statutes that they are not "strikingly similar" as Plaintiffs ague. (*See* Mot. at 7.) The plain language of Colorado's statute neither requires nor implies any consideration of individual crash or injury facts in determining that a manufacturing defendant is entitled to a presumption of no product defect.

Plaintiffs' position would, moreover, vitiate § 13-21-403(1)(b). Under Plaintiffs' reading, a plaintiff in a failure to warn case could avoid the statute simply by identifying any warning that the "applicable code, standard, or regulation" did not specifically address. This would force the courts to make countless distinctions and to draw fine lines as to which warnings were sufficiently addressed in the "code, standard, or regulation," but for which there is no basis in either the purpose or language of the statute. Moreover, Plaintiffs' position is contrary to the public policy behind the statute, which is to limit recovery where a manufacturer has complied with an applicable code, standard, or regulation. *Cf. Kokins v. Teleflex, Inc.*, 621 F.3d 1290, 1302 n.8 (10th Cir. 2010) ("Instead, it is evident on its face that section 13–21–403(3)'s presumption expresses a state public policy against consumer recovery where a product has been on the market for a substantial period of time.").

Ultimately, as the Court explained before, Plaintiffs' argument that FMVSS 213 does not apply because it does not address the specific warning Plaintiffs urge concerns rebuttal of the statutory presumption, not the applicability of the presumption in the first instance. (Order on

Remaining in Limine Mots., ECF No. 170, at 1-2.) Accordingly, the Court should hold that FMVSS 213 is an "applicable . . . standard" and Evenflo's compliance with the standard entitles it to § 13-21-403(1)(b)'s presumption of non-defectiveness.

## II. EVIDENCE OF EVENFLO'S COMPLIANCE WITH FMVSS 213 IS RELEVANT AND ADMISSIBLE AT TRIAL

The presumption of non-defectiveness under § 13-21-403(1)(b) is a substantive component of Colorado's product liability law, and, once a foundation for the presumption has been established, the Court "shall" instruct the jury on it. *See* C.R.S. § 13-21-403(4) ("In a product liability action in which the court determines by a preponderance of the evidence that the necessary facts giving rise to a presumption have been established, the court shall instruct the jury concerning the presumption."); Fed. R. Evid. 302 ("In a civil case, state law governs the effect of a presumption regarding a claim or defense for which state law supplies the rule of decision."); *Kokins*, 621 F.3d at 1305 (holding that presumptions arising under C.R.S. § 13-21-403 are "now accorded substantive effect . . . to be considered by the jury along with traditional forms of evidence"). Compliance with an "applicable . . . standard" is, therefore, "relevant," because such evidence "has a[] tendency to make a fact more or less probable than it would be without the evidence[ and] the fact is of consequence in determining the action." F.R.E. 401.

Plaintiffs' only argument that the evidence is not "relevant" is because FMVSS 213 does not address the specific warning they contend Evenflo should give, i.e., that the seat was safer when used without the base. But, as explained above—and as already found by this Court, in this case—§ 13-21-403(1)(b) does not require such a precise alignment between the "applicable code, standard, or regulation" and the factual allegations or theories of liability in a case. Rather, assuming the Court agrees that a presumption of no product defect under C.R.S. § 13-21-

403(1)(b) arises because the car seat complied with FMVSS 213, Evenflo must be permitted to introduce evidence establishing its entitlement to the presumption. *See States v. R.D. Werner Co., Inc.*, 799 P.2d 427, 430-31 (Colo. App. 1990) (rejecting argument that evidence of compliance with federal regulations was inadmissible given the statutory presumption of non-defectiveness and explaining that "evidence of compliance with applicable federal regulations is admissible to show that the product is not defective"); *see also Uptain v. Huntington Lab, Inc.*, 723 P.2d 1322, 1331 (Colo. 1986) ("This evidence was relevant to the question of whether Huntington was entitled to an instruction informing the jury of the [10-year] presumption created by section 13-21-403(3) and, therefore, was properly admitted by the trial court.").

Section 13-21-403 puts Evenflo's compliance with "any applicable code, standard, or regulation" at issue. Accordingly, Evenflo's compliance with FMVSS 213—which is the governmental standard concerning the car seat—is relevant and admissible.

### III. RULE 403 DOES NOT PROVIDE A BASIS TO EXCLUDE EVIDENCE OF EVENFLO'S COMPLIANCE WITH FMVSS 213

Plaintiffs appear to argue that evidence of Evenflo's compliance with FMVSS 213 should be excluded under Rule 403. (Mot. at 8.) This argument is without merit.

The only way to effectuate the statutory presumption is for Evenflo to put evidence of its compliance with FMVSS 213 into evidence. Indeed, the statute mandates a jury instruction on non-defectiveness if a defendant establishes its compliance. C.R.S. § 13-21-403(4). There is nothing unfair in introducing evidence that the statute expressly makes relevant. Instead, the only unfairness would result from excluding it and prejudicing Evenflo by not allowing it to defend itself with relevant compliance with government regulations. Nor would it confuse the jury to hear about the standard. Plaintiffs are free to argue that Evenflo was nonetheless required to give

their proposed warning for the car seat, that the seat was safer when used without the base—as the model jury instruction provides and as the Court instructed the jury in the prior trial regarding the claims that went to the jury. (*See* Jury Instructions, Instruction No. 16, ECF No. 179-5, at 16 (based on CJI-Civ. 4th 14:5 A ("Presumptions—Compliance with Governmental Standards"))); *see also Kokins*, 621 F.3d at 1306 ("Properly instructed, the jury may consider this presumption along with traditional forms of evidence in the case.").

Accordingly, the Court should reject Plaintiffs' Rule 403 argument.

## **CONCLUSION**

For all of these reasons, Evenflo respectfully asks that Plaintiffs' FMVSS 213 Motion be denied in all respects.

Dated: November 10, 2015     Respectfully submitted,

*Original signature on file at the law firm of Wheeler Trigg O'Donnell LLP*

s/*Erin F. Frohardt*
John M. Fitzpatrick, # 39569
Michiko A. Brown, # 33072
Erin F. Frohardt, # 47182
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado  80202
Telephone:  (303) 244-1800
Facsimile:   (303) 244-1879
    Email: Fitzpatrick@wtotrial.com
      Brown@wtotrial.com
      Frohardt@wtotrial.com

Dan H. Ball
Richard P. Cassetta
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone:  (314) 259-2000
Facsimile:  (314) 552-8341
Email:  dhball@bryancave.com
     Richard.cassetta@bryancave.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10th 2015, a true and correct copy of the foregoing was filed served via CM/ECF on the following e-mail addresses:

- **Frank W. Coppola**
  fwc@CoppolaMarlin.com

- **Raymond Douglas Gentile**
  dgentile@dfrglaw.com

- **William C. Marlin**
  MarlinB@fdazar.com; FreemanA@fdazar.com

- **Jeffrey Dean Rowe**
  jrowe@dfrglaw.com

- **Dan H. Ball**
  dhball@bryancave.com

- **Richard Paul Cassetta**
  Richard.cassetta@bryan cave.com

*s/ M. Hope Watkins*