IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number:  10-cv-02435-RBJ-KMT

A.H., a minor, by and through his parent and next friend,
TONY HADJIH, and
TONY HADJIH, individually,

    Plaintiffs,

v.

EVENFLO COMPANY, INC., a Delaware corporation

    Defendant.

---

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* #2 TO PRECLUDE ANY AND ALL EVIDENCE REGARDING THE 2004 NHTSA "PRELIMINARY EVALUATION" INTO THE EVENFLO DISCOVERY (ECF NO. 225)**

---

Defendant Evenflo Company, Inc. ("Evenflo"), respectfully responds in opposition to Plaintiffs' Motion *in Limine* #2 To Preclude Any And All Evidence Regarding The 2004 NHTSA "Preliminary Evaluation" Into The Evenflo Discovery (ECF No. 225).

## **INTRODUCTION**

Plaintiffs intend to attempt to introduce at trial evidence concerning 74 incidents that predated the accident here, in which there was an alleged separation of a Discovery car seat from its base (the "Prior Incidents").[1] As Plaintiffs view it, this evidence gave Evenflo notice of danger for which a warning was required. In other words, Plaintiffs are going to try to put the

---

[1] This evidence is not admissible at retrial and should be excluded, as explained in Evenflo's Motion *in Limine* To Exclude Evidence of the 74 Prior Incidents Involving Separation (ECF No. 221).

Prior Incidents, and what Evenflo knew about them, at issue for trial. Nonetheless, Plaintiffs now ask the Court to prevent Evenflo from introducing evidence of the 2004 National Highway Transportation Safety Administration ("NHTSA") investigation into those incidents—evidence which bears directly on what Evenflo knew about the purported danger. The Court should reject Plaintiffs' request.

First, the 2004 NHTSA investigation is relevant to Plaintiffs' failure to warn claim. A defendant only has a duty to warn about a danger of which it knew or should have known. Thus, a defendant's knowledge and notice are at issue in a failure to warn case. The NHTSA investigation is relevant to Evenflo's alleged knowledge—indeed, the investigation addresses the Prior Incidents that Plaintiffs wish to use to establish Evenflo's knowledge. As Plaintiffs intend to rely upon the Prior Incidents, they cannot complain about Evenflo having the ability to complete the story about those incidents.

Second, evidence of the NHTSA investigation does not run afoul of Rule 403. The Court expressly rejected Plaintiffs' arguments during the first trial. As the Court explained before, the jury will be fully capable of understanding and weighing the evidence, and Plaintiffs will have the opportunity to present their arguments about the NHTSA investigation to the jury.

Finally, the evidence is not barred by the hearsay rule. The evidence goes to Evenflo's knowledge and notice, which is not hearsay. Further, even if it could be considered hearsay, evidence of the NHTSA investigation fits the requirements for the public records exception—it is the factual findings of a factual investigation by a government agency. Such reports, including from the NHTSA, have been held to meet the requirements of the public records exception.

Accordingly, the Court should deny Plaintiffs' motion.

## BACKGROUND

This case arises out of a motor-vehicle accident that occurred on June 10, 2005. On that evening, Ms. Razika Daya Hadjih, wife of Plaintiff Tony Hadjih and mother of Plaintiff A.H., made an illegal left hand turn in front of an oncoming truck, which had the right-of-way. The truck slammed into the passenger side of Ms. Hadjih's Jeep Cherokee at approximately 40 miles per hour. The massive impact resulted in nearly two feet of intrusion into A.H.'s occupant space. This intrusion forced the Evenflo Discovery Model 316 car seat, in which A.H. was restrained, off its base. A.H. suffered head injuries as a result of the accident.

During the initial trial in this matter, Plaintiffs introduced evidence of the Prior Incidents ostensibly to establish that "the Discovery seat-latch design was defective and unreasonably dangerous and that Evenflo knew about it." (Trial Tr., Nov. 6, 2012, Day 2, 363:14-18; *see id.* at 370:24 ("It's notice of design latch failures.").) Plaintiffs introduced a "summary exhibit" that included the Prior Incidents, (*see* Pl.'s Trial Ex. 107), and Dr. Whitman, Plaintiffs' expert, testified as to specific circumstances concerning many of these prior incidents, including some of the injuries that other children purportedly suffered (*see* Trial Tr., Day 2, 372-84).

To rebut this evidence, Evenflo introduced evidence of the 2004 NHTSA investigation into the Prior Incidents. The NHTSA concluded that "[b]ased on a review of the available data, a safety related defect has not been identified at this time . . . ." (Pl.'s Trial Ex. 50D.) The agency closed its investigation, though noted that this "does not constitute a finding by the NHTSA that a safety-related defect does not exist." (*Id.*)

Plaintiffs objected to the introduction of evidence concerning the 2004 NHTSA investigation. Plaintiffs argued that the evidence was not relevant to whether Evenflo had notice

of an issue with the Discovery car seats. (Trial Tr., Nov. 14, 2012, Day 7, 1343:15-1344:5.) Plaintiffs further argued that the implication that the government exonerated the car seats would be unfairly prejudicial to Plaintiff. (*Id.* at 1344:6-14.) The Court overruled Plaintiffs' objections, explaining that, by admitting evidence of the Prior Incidents, Plaintiffs had opened the door to the NHTSA investigation and Evenflo could complete the story regarding the Prior Incidents:

>THE COURT: Okay. That's your argument.
>
>All right. I hear you. I'm not buying it.
>
>Here's why. No. 1, although those documents were admitted for notice and that's how you got them in, the fact is that the jurors have heard at length about these separations and realistically that is something that they're going to consider, probably for all purposes. You can tell them it's only for notice, but realistically, there it is. And it seems to me that because you guys have gone into it, appropriately in my view, they ought to be able to tell the rest of the story. However, they have to tell it fully and accurately.
>
>And that includes the conclusions –

(*Id.* at 1344:15-1345:1.) The Court further rejected Plaintiffs' argument that the jury would be unfairly swayed by the evidence:

>THE COURT: I honestly don't think your case on either side is going to hinge on this.
>
>MR. DOUTHIT: Right, right.
>
>THE COURT: This jury understands that regardless of what the government did or didn't do and regardless of what these other complaints are or aren't, we're putting in their hands the decision of whether this was a defective design.
>
>. . .
>
>THE COURT: I would expect, probably, they're going to bring out the bad stuff in their direct. But you can cross-examine to your heart's content on that, and you can argue to your heart's content on it that what the government did was received a bunch of information from Kiser and then just said, well, we're going to close it, but we're not telling you it's safe.

(*Id.* at 1346:1-7; 1347:7-13.)

Evenflo understands that Plaintiffs intend to attempt to introduce evidence of the Prior Incidents in the retrial of its failure to warn claim. (*See, e.g.*, Mot. at 2 n.1 (explaining that Plaintiffs' failure to warn claim "is based on, *inter alia*, evidence that Evenflo knew or should have known that the carriers had sometimes separated from their bases based on 74 prior reported incidents in which a Discovery carrier had separated from its base").) While the Prior Incidents evidence should not be allowed at retrial, if it is, Evenflo should be allowed to complete the story and introduce the 2004 NHTSA investigation evidence.

## ARGUMENT

**I.   EVENFLO INTENDS TO INTRODUCE EVIDENCE OF THE 2004 NHTSA INVESTIGATION ONLY IF PLAINTIFFS ARE ALLOWED TO INTRODUCE EVIDENCE CONCERNING THE PRIOR INCIDENTS**

Evenflo does not intend to present evidence of the 2004 NHTSA investigation unless Plaintiffs are allowed to introduce evidence concerning the Prior Incidents (which should not be permitted[2]). Whether Evenflo will request that this evidence be admitted will be dependent upon how evidence is developed by the Plaintiffs during their case and the evidentiary rulings in this case. Although the Court may reserve ruling on this evidence until trial, Evenflo addresses the arguments raised in Plaintiffs' motion now.

---

[2] (*See* Def.'s Mot. *in Limine* to Exclude Evidence of the 74 Prior Incidents Involving Separation, ECF No. 221.)

## II. EVIDENCE REGARDING THE NHTSA INVESTIGATION IS DIRECTLY RELEVANT TO WHETHER EVENFLO HAD A DUTY TO WARN

Evidence is relevant where "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, the Tenth Circuit has stated that Plaintiffs, with sufficient proof, might be able to advance a warning claim on the theory that using the Discovery child seat without the base was safer than with the base and that Evenflo should have provided a warning to this effect.[3] *See A.H. ex rel. Hadjih v. Evenflo Co.*, 579 F. App'x 649, 653 (10th Cir. 2014). Proving this claim requires evidence to support three elements: "(1) the existence of a duty on the part of

---

[3] In their Motion, Plaintiffs claim that Evenflo should have warned of the "known potential" of separation. (*See* Pls.' Mots. *in Limine*, ECF No. 225, at 2.) However, this is not the correct statement of Plaintiffs' claim, either according to the Tenth Circuit or the evidence in the case. According to the Tenth Circuit's analysis of a possible warnings claim, and the supplemental report of Plaintiffs' expert, Gary Whitman, the only potential claim of inadequate warning in this case is whether Evenflo should have provided a warning that use of the Discovery without the base is safer that with the base. This is the potential claim addressed by the Tenth Circuit and by the Whitman supplemental expert report. Plaintiffs should not be allowed to pursue an inadequate warning claim based on the failure to tell consumers that a carrier can detach from a base. Evenflo objects to such a claim because it is contrary to the Tenth Circuit opinion and Plaintiffs' expert evidence. *See A.H. ex rel. Hadjih*, 579 Fed. App'x at 654; Whitman Supplemental Report, ¶¶ 4-8, attached as Exhibit A. As the Tenth Circuit held, because "the purpose of a warning is to make the use of a product safe or at least safer," the warning must speak to the relative safety of using the seat without the base. *A.H. ex rel. Hadjih*, 579 Fed. App'x at 652. The fact of a possibility of separation, without more, does not speak to the safety of the seat with or without the base. Instead, Plaintiffs must show that the possibility of separation, when combined with all other relevant aspects of overall safety, means that the seat is safer when used without the base. Plaintiffs also must then show that Evenflo should have warned of the relative safety and "allowed consumers to decide based on full information when or whether to trade added safety for added convenience." *Id*. Evenflo will present evidence that use of the Discovery without the base is not safer, in terms of overall safety. Thus, the potential warning claim discussed by the Tenth Circuit and the Whitman supplemental report is without engineering support. Evenflo will establish this at trial.

the defendant to warn buyers of any dangers that were known or should have been known, (2) breach of that duty by the defendant, and (3) injury to the plaintiff resulting from that breach." *Id.* at 651 (10th Cir. 2014).

Here, evidence concerning the 2004 NHTSA investigation is directly relevant to what Evenflo knew about the car seat, its alleged propensity to separate from the base, and, most importantly, whether it was safer to use the seat with or without the base. Further, once Plaintiff introduces evidence concerning the Prior Incidents, evidence of what Evenflo learned from those incidents is relevant to whether the Prior Incidents gave Evenflo notice of an issue with the car seat. The 2004 NHTSA investigation is part and parcel of what Evenflo learned about the car seats (and, specifically, the safety of the car seats when used with the base) following the reported separations, and, therefore, speaks directly to the first element of Plaintiffs' claim.

Plaintiffs attempt to side-step the obvious relevance of this evidence by arguing that the NHTSA investigation did not address "warnings."[4] (Mot. at 5.) Plaintiffs' argument misunderstands the nature of their claim. There is no duty to warn unless there is a danger of which the defendant knows or should know. *See A.H.*, 579 F. App'x at 651. In other words, the lack of discussion by NHTSA highlights the very relevance of the investigation: there was no need to discuss or investigate warnings once they found that the evidence did not suggest a safety problem. Indeed, it would be nonsensical for NHTSA to look into the efficacy and

---

[4] It is unclear how Plaintiffs' Prior Incident evidence is relevant and admissible under Plaintiffs' logic. Under Plaintiffs' theory, to be relevant the evidence must specifically address warnings. Under that reasoning, a Prior Incident would be irrelevant and inadmissible unless the person reporting the incident raised the warnings that accompanied the car seat.

appropriateness of warnings before it determined there was a safety concern that merited a warning; where they determined there was no safety concern there was therefore no need to waste time and resources looking into warnings that were necessarily adequate. Here, Plaintiffs allege that the danger for which a warning was required was the possibility of a car seat-base separation. NHTSA investigated that alleged danger and reported back to Evenflo on its investigation. The NHTSA investigation addresses (1) the purported existence of the danger and (2) addresses what Evenflo knew about the alleged danger. It is relevant.

Finally, as the Court explained before, Evenflo should be allowed to complete the story regarding the Prior Incidents that Plaintiffs will present to the jury. (Trial Tr., Nov. 14, 2012, Day 7, 1344:15-1345:1.) It would be fundamentally unfair to allow Plaintiffs to introduce evidence about the Prior Incidents, but deny Evenflo the opportunity to explain the results of the investigation into those incidents. *See MCC Mgmt. of Naples, Inc. v. Int'l Bancshares Corp.*, 468 F. App'x 816, 825 (10th Cir. 2012) (affirming introduction of evidence to rebut accusation of fraud, and explaining that a party "faced with allegations of tortious or malicious conduct[] should not be disabled from inquiring about highly probative evidence"); *Chism v. CNH Am. LLC*, 638 F.3d 637, 641 (8th Cir. 2011) (affirming introduction of defense verdicts in prior cases to complete story and prevent unfair implications as to what happened with prior incidents).

Accordingly, as the evidence is relevant, the Court should deny Plaintiffs' request to exclude it from trial.

### III.   THE COURT SHOULD NOT EXCLUDE THE EVIDENCE UNDER RULE 403

Rule 403 provides that relevant evidence may be excluded where "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Plaintiffs contends that NHTSA investigation should be excluded because the jury may give it undue weight, which would be unfairly prejudicial, misleading, and could confuse the issues. (Mot. at 6.)

The Court specifically rejected these arguments during the first trial, explaining that the jury will not be improperly swayed or confused by the evidence. (Trial Tr., Nov. 14, 2012, Day 7, at 1346:1-7; 1347:7-13.) Although Plaintiff contends that the potential prejudice is amplified because this trial only concerns failure to warn, which the NHTSA did not address, there is no reason to believe that a jury will not easily understand that the NHTSA did not specifically consider warning issues. As the Court put it, Plaintiffs can question and argue to their "heart's content" to make that clear.[5]

The jury will be fully capable of understanding the NHTSA investigation and determining what, if any, weight to accord it. Rule 403 does not bar the evidence.

---

[5] Nor are Plaintiffs' cases that investigative reports are inadmissible under Rule 403 persuasive. (Mot. at 6-7.) Those cases simply reflect other Court's determinations of admissibility of specific evidence in different contexts. The admissibility of reports, such as the NHTSA investigation here, turns upon the specific claims and theories of liability and the evidence presented at trial. Numerous Courts have held that NHTSA reports are admissible in products liability cases and conclude, as the Court did here, that the jury is fully capable of evaluating and understanding the evidence. *See, e.g., Jones v. Ford Motor Co.*, 204 Fed. App'x 280 (4th Cir. 2006) (affirming admission of NHTSA report and "allowing the jury to determine the weight to assign it"); *Guild v. Gen. Motors Corp.*, 53 F. Supp. 2d 363, 366 (W.D.N.Y. 1999).

## IV. THE NHTSA INVESTIGATION EVIDENCE IS NOT HEARSAY AND, IN ANY EVENT, QUALIFIES FOR THE HEARSAY EXCEPTION FOR GOVERNMENT INVESTIGATIONS

Finally, Plaintiffs argue that evidence of the NHTSA investigation is hearsay and inadmissible. Plaintiffs are wrong.

Evenflo is not introducing the NHTSA investigation for the "truth of the matter asserted." Rather, the evidence, as with Plaintiffs' Prior Incidents evidence, concerns notice and Evenflo's knowledge regarding the safety of the seat when used with the base. As the Court ruled before, this type of notice evidence is not hearsay. (*See* Trial Tr. Day 2, 370:25-371:22); *see also* Fed. R. Evid. 801(c); Advisory Comm. Notes to Fed. R. Evid. 801(c) ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."). Here, the significance of the NHTSA report is that NHTSA told Evenflo it had reviewed the available data and concluded that a safety defect had not been identified. That goes to knowledge and notice, and, accordingly, is not hearsay.

Even if subject to the hearsay rules, the NHTSA investigation meets the exception for public records. Rule 803(8) provides:

> (8) Public Records. A record or statement of a public office if:
>
> (A) it sets out:
>
> . . .
>
> (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
>
> (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Fed. R. Evid. 803(8). Courts have long recognized that administrative investigative reports meet Rule 803(8)'s requirements, and "NHTSA report[s] fit[] snugly within this exception." *Jones*,

204 Fed. App'x at 284; *see also Guild*, 53 F. Supp. 2d at 366 (holding that "the NHTSA Report is admissible as a public record pursuant to Fed.R.Evid. 803(8)"); *Livingston v. Isuzu Motors, Ltd.*, 910 F. Supp. 1473, 1497 (D. Mont. 1995) (holding that evidence of NHTSA investigation into rollover propensity of vehicle was properly admitted under Rule 803(8)).

Plaintiffs' challenges to the applicability of Rule 803(8) are meritless. Plaintiffs first argue that Rule 803(8)(A)(iii) only applies to "factual findings," and the NHTSA reports include none. The Report belies this argument. It sets forth the materials that the investigator's methodology and the materials that were considered, and it includes the investigator's findings regarding the alleged crashes and that a safety defect had not been identified. (*See* Mot. Ex. B at EVE-006628-30.) This plainly meets the "factual findings requirement."[6]

Next, it is simply not true, as Plaintiffs contend, that Rule 803(8)(iii) only applies to investigations of "single accidents." Nothing in Plaintiffs' case, *Simmons v. Chicago and Northwestern Transportation Co.*, 993 F.2d 1326 (8th Cir. 1993) (per curiam), or the Advisory Committee factors state that Rule 803(8)(iii) is limited to investigations of single accidents. In fact, the cases considering—and approving—the admissibility of NHTSA reports under Rule 803(8) included "multi" accident scenarios. *See Jones*, 204 Fed. App'x at 283 (NHTSA report following "two-year investigation" regarding "increasing numbers of complaints of sudden

---

[6] Plaintiffs' cases do not hold otherwise. Plaintiff cites to nothing in *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988), showing that the report here lacks factual findings. The NHTSA materials considered by the court in *Smith v. Isuzu Motors, Ltd.*, 137 F.3d 859 (5th Cir. 1998), concerned the policy opinions of agency staff, and not the results of any investigation. *See id.* at 862. And in *Ariza v. City of New York*, the subject report was not the result of a "factual investigation," but rather was a "research project" that provided a "a summary of the attitudes and beliefs of a small group of officers." 139 F.3d 132, 134 (2d Cir. 1998).

acceleration"); *Guild*, 53 F. Supp. 2d at 365 (NHTSA reviewed, *inter alia*, "real world accident data" and "consumer complaints alleging spontaneous buckle release"); *Livingston*, 910 F. Supp. at 1496 (NHTSA "investigations and analyses conducted by NHTSA were based on evidence of <u>other accidents</u> involving <u>other vehicles</u>" (emphasis added)).

Finally, Plaintiffs contend that the NHTSA report is untrustworthy. The report is presumptively trustworthy, and it is Plaintiffs' burden to defeat that presumption. *See, e.g.*, *Jones*, 204 Fed. App'x at 284 (explaining, in context of NHTSA report, that "[w]e presume the admissibility of public reports because of the reliability of the public agencies usually conducting the investigation and their lack of any motive for conducting the studies other than to inform the public fairly and adequately" (internal quotation marks and citation omitted)); *see also* Fed. R. Evid. 803(8)(B). Plaintiffs have shown nothing proving, or even suggesting, the report is untrustworthy. Instead, Plaintiffs simply speculate that it may be. And, while Plaintiffs focus on the "ODI Resume" and complain that it does not sufficiently establish its methodology, they ignore the addendum to the resume that describes the evidence and methodology that was used, which includes additional findings supporting the conclusions in the Resume. (*See* Mot. Ex. B at EVE-006629-30); *see also, e.g.*, *Wright v. Daviesyndicate, Inc.*, No. CIV.A. 91-3423, 1993 WL 246020, at *9 n.10 (E.D. Pa. June 30, 1993) (finding report to be trustworthy where materials attached to it substantiated report's findings).[7]

---

[7] Plaintiffs also baldly allege that the report rests in part on evidence that would be "clearly inadmissible" on its own. (Mot. at 9.) But Plaintiffs neither elaborate on this argument nor identify the precise underlying evidence that concerns them, which makes it impossible for Defendants to respond to it or for the Court to rule on it. Moreover, given that the underlying evidence includes the Prior Incidence evidence, Plaintiffs are simply arguing that it is not

*(Footnote cont'd on next page)*

The NHTSA evidence is not hearsay, and, even if it were, it is subject to Rule 803(8)'s exception for public records.

## CONCLUSION

Accordingly, the Court should deny Plaintiffs' Motion in all respects.

---

*(Footnote cont'd from previous page.)*

admissible when it hurts them but that it is admissible when it helps them. This is not how admissibility works. They cannot have their cake and eat it too; either the underlying documents (and thus the Investigation itself), including the Prior Incidents, are admissible or they are not.

Dated: November 10, 2015

Respectfully submitted,

*Original signature on file at the law firm of Wheeler Trigg O'Donnell LLP*

s/ *Erin F. Frohardt*
John M. Fitzpatrick, # 39569
Michiko A. Brown, # 33072
Erin F. Frohardt, # 47182
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado  80202
Telephone:  (303) 244-1800
Facsimile:   (303) 244-1879
　　Email: Fitzpatrick@wtotrial.com
　　　　　Brown@wtotrial.com
　　　　　Frohardt@wtotrial.com

Dan H. Ball
Richard P. Cassetta
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone:  (314) 259-2000
Facsimile:  (314) 552-8341
Email:  dhball@bryancave.com
　　　　　Richard.cassetta@bryancave.com

*Attorneys for Defendant*

- 15 -

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2015, a true and correct copy of the foregoing was filed served via CM/ECF on the following e-mail addresses:

- **Frank W. Coppola**
  fwc@CoppolaMarlin.com

- **Raymond Douglas Gentile**
  dgentile@dfrglaw.com

- **William C. Marlin**
  MarlinB@fdazar.com; FreemanA@fdazar.com

- **Jeffrey Dean Rowe**
  jrowe@dfrglaw.com

- **Dan H. Ball**
  dhball@bryancave.com

- **Richard Paul Cassetta**
  Richard.cassetta@bryan cave.com

s/ *M. Hope Watkins*