IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number:  10-cv-02435-RBJ-KMT

A.H., a minor, by and through his parent and next friend,
TONY HADJIH, and
TONY HADJIH, individually,

     Plaintiffs,

v.

EVENFLO COMPANY, INC., a Delaware corporation

     Defendant.

---

**EVENFLO'S RESPONSE IN OPPOSITION TO PLAINTIFFS' RULE 702 MOTION PERTAINING TO DEFENSE EXPERT WILLIAM VAN ARSDELL**

---

In their Rule 702 Motion Pertaining to Defense Expert William Van Arsdell ("Motion to Exclude"), Plaintiffs seek to exclude the highlighted opinions below, which were contained in paragraphs 13 and 16 of the Supplemental Expert Report of Dr. William Van Arsdell:

> 13.  **Due to the crush of the vehicle and the resulting intrusion into the occupant compartment, large forces would have been applied to the RFIC [Rear Facing Infant Carrier] in the vicinity of the child's head regardless of whether the base was used.**  In fact, given the maximum intrusion occurs below the elevation of the RFIC as installed on the base as well as the fact that the carrier was forced off the base, it is likely that the forces on the RFIC in the area of the child's head would have been even larger had the carrier been installed at a lower elevation without a base, and not been allowed to move away from the intrusion as a result of the detachment.

> 16.  As discussed in my previous reports and testimony, the subject accident was more severe than the vast majority of side impacts.  Every occupant protection system, including every CRS, can be overcome by extraordinary forces; no occupant restraint system can protect all occupants from serious injury in all accidents.  The forces applied to the CRS in this motor vehicle accident were not reasonably foreseeable.  **Given the severity of the subject motor vehicle accident, other two-piece carrier systems would also likely have detached in this accident.**

(Supplemental Expert Report of William Van Arsdell, P.E., Ph.D. ("Van Arsdell Report"), dated June 22, 2015, attached hereto as Exhibit 1.)

Regarding the opinion contained in paragraph 13 of Dr. Van Arsdell's Supplemental Report, Plaintiffs incorrectly argue that Dr. Van Arsdell is giving an injury causation opinion. (*See* Mot. to Exclude at 5 ("Van Arsdell's opinion that A.H. would have sustained the same injuries in the subject base must be excluded….").)  In fact, as the Court can plainly see, he is not stating an opinion regarding injury causation.  Rather, the opinion contained in paragraph 13 of Dr. Van Arsdell's Supplemental Report is an engineering opinion regarding vehicle crush, intrusion into the occupant compartment, kinematics, and the forces that were applied in the vicinity of the child seat.  All of the subject areas addressed in paragraph 13 are subject areas that are unquestionably within Dr. Van Arsdell's area of expertise.

Plaintiffs' assertion that there is not a reliable basis for Dr. Van Arsdell to render the opinion contained in paragraph 13 of his Supplemental Report is equally unfounded.  Dr. Van Arsdell inspected the subject vehicle and child seat, took photographs and measurements, performed surrogate testing, and is familiar with the dimensions of the subject child seat, both with and without the base.  He also reviewed the testing done by Evenflo and the National Highway Transportation Safety Administration ("NHTSA") on this model child seat.  Therefore, based upon his investigation into this accident, as well as his education, training, and experience, Dr. Van Arsdell used established methodology and has a reliable scientific basis upon which to render this opinion.

Regarding the opinion contained in paragraph 16 challenged by Plaintiffs (that given the severity of the accident, other two-piece carrier systems would also likely have detached), they argue that the opinion lacks a reliable scientific basis and is irrelevant.  First, Plaintiffs' motion

to exclude this opinion should be denied because this Court qualified Dr. Van Arsdell as an

expert in the first trial, and he rendered this very opinion without an objection by Plaintiffs'

counsel.  Moreover, as discussed above, based upon Dr. Van Arsdell's investigation into this

case and his education, training, background, and experience, he has a reliable scientific basis to

render this opinion.

As to Plaintiffs' argument that the opinion is not relevant to Plaintiffs' failure to warn

claim, that claim, just like the design defect claim that a jury has already decided in Evenflo's

favor, cannot be decided in a vacuum.  Evidence that other two-piece infant safety seats likely

would have detached in an accident of this magnitude and Dr. Van Arsdell's related opinion

(expressed in paragraph 14 of his Supplemental Report) that he is not aware of any other two-

piece infant seat manufacturer who warns that its seat is safer without the base than with the

base, are relevant to the issue of whether Evenflo's warnings were inadequate.  For these

reasons, Plaintiffs' Motion to Exclude must be denied.

### FACTUAL BACKGROUND

William Van Arsdell, Ph.D., P.E., is a licensed professional engineer. (Van Arsdell

Report, Ex. 1 at 1.)  He has a bachelor's degree in mechanical engineering from the University of

Arizona, a master's degree in mechanical engineering from the University of Illinois, and a Ph.D.

from the Massachusetts Institute of Technology ("MIT") in mechanical engineering.  (*Id.*)  Dr.

Van Arsdell has over eighteen years of experience as a professional engineer, and has expertise

in the fields of occupant crash protection, child restraint systems (*i.e.* child safety seats), accident

reconstruction, mechanics, kinematics, materials, and design.  (*Id.*)  The field of kinematics

includes the study of how vehicle occupants move in crashes.  (Trial Tr., Nov. 14, 2012, Day 7 at

1476:12-18, attached hereto as Exhibit 2.)  Dr. Van Arsdell's area of expertise also involves the

evaluation of how much force is applied to the vehicle, car seat, and occupants during crashes.

(*Id*. at 1476:19-23.)  Dr. Van Arsdell has published numerous peer-reviewed papers relating to child safety seats.  (Van Arsdell Report, Ex. 1 at 1.)

Dr. Van Arsdell has designed and run hundreds of tests on occupant restraint systems, including dynamic sled testing, full scale crash tests, and tests on components of vehicles and child restraint systems.  (*Id.*)  He has done work for many of the major child safety seat manufacturers as both an expert/litigation consultant and a non-litigation consultant.  (*Id.*)  Dr. Van Arsdell has investigated and evaluated hundreds of real-world motor vehicle accidents, including about 100 collisions involving child restraint systems and has evaluated the performance of child restraint systems in dozens of accidents.  (*Id.* at 2.)  Dr. Van Arsdell has personally investigated motor vehicle accidents where a child sustained serious or fatal injuries when restrained in a child safety seat without the base, and he is familiar with and has evaluated the accident performance of two-piece infant restraints designed by companies other than Evenflo.  (*Id.* at 4.)

In this case, Dr. Van Arsdell was asked by Evenflo to evaluate the design and performance of the two-piece infant seat at issue in this case, the Discovery Model 316.  (Trial Tr., Ex. 2 at 1477:17-22.)  As part of his investigation in this case, he examined the carrier and base of the subject car seat, he examined the subject vehicle, he reviewed the markings that are on the child seat, carrier, base, and vehicle, and documented his inspections, including taking hundreds of photographs.  (*Id*. at 1478:8-19.)  Dr. Van Arsdell also reviewed testing that was done by Evenflo on the Discovery Model 316 as well as testing performed by NHTSA on the Discovery Model 316.  (*Id*. at 1479:7-12.)

Dr. Van Arsdell also reviewed the accident reconstruction performed in this case, and he performed surrogate testing using an exemplar vehicle (which was the same as the subject

vehicle), an exemplar Discovery Model 316 child seat, and an infant approximately the same size

as involved in the accident.  (*Id.* at 1478:22-1479:6.)  Dr. Van Arsdell used this surrogate study

to assess the geometry of the vehicle and the infant seat and the occupant kinematics.  (*Id.*)

Based upon all of this work, Dr. Van Arsdell has analyzed the direction and magnitude of

the crash forces in this accident and the impact of these forces on the performance of the infant

seat.  This is an acceptable methodology and, in fact, is the methodology used by Plaintiffs'

expert Gary Whitman.

## ARGUMENT

Dr. Van Arsdell is well qualified to render the two opinions challenged by Plaintiffs.

Also, based upon the investigation and analysis he performed in this case, as well as his

education, background, training, and experience, he used an established methodology and has a

reliable scientific basis on which to render these opinions.

**I.      DR. VAN ARSDELL IS WELL QUALIFIED TO RENDER AN ENGINEERING OPINION REGARDING VEHICLE CRUSH, FORCES APPLIED, AND THE POSITION OF BODIES DURING THE ACCIDENT SEQUENCE AND HIS OPINION HAS A RELIABLE SCIENTIFIC BASIS**

Dr. Van Arsdell is well qualified to render the engineering opinion expressed in

paragraph 13 of his report.  Contrary to what Plaintiffs argue in their Motion to Exclude, the

opinion expressed in paragraph 13 does not contain an injury causation opinion.  Rather, the

opinion clearly relates to the location, direction, and magnitude of the forces in this accident.  All

of these engineering opinions are within Dr. Van Arsdell's area of expertise.

Courts have held that mechanical engineers are qualified to give engineering opinions in

personal injury cases, over the objections of opposing parties seeking to exclude the opinions on

the grounds they require medical expertise.  For example, in *Williams v. Pro-Tec, Inc.*, 908 F.2d

345, 348 (8th Cir. 1990), the plaintiff made an argument similar to the argument made by

Plaintiffs in this case.  The plaintiff in *Williams* case suffered an eye injury during a racquetball

game and sued Pro-Tec, which had manufactured an eye guard the plaintiff was wearing at the

time of injury.  Pro-Tec retained a mechanical engineer as an expert who rendered an opinion on

the amount of force with which the racquetball could strike the human eye when the ball was

shot at various speeds at a person wearing a Pro-Tec eye guard.  The plaintiff objected to the

mechanical engineer's opinion on the grounds that he did not have expertise in medicine or

ophthalmology.  The Eighth Circuit affirmed the decision of the trial court to admit the

mechanical engineer's testimony, holding:  "Bell [the expert] disclaimed any expertise in the

force necessary to injure the eye.  He testified only with respect to his findings regarding the

factor by which the eye guard reduced the force that a racquetball exerted upon a simulated

eyeball at different speeds."  *Id*.

Just as in *Williams*, Dr. Van Arsdell is not seeking to render an opinion as to what

injuries would be sustained as a result of the forces caused by the accident.  Rather, he is seeking

to render an opinion on the magnitude of those forces, where they would be imparted, and the

movement of bodies and the seat during the accident.

Similarly, in *Logan v. J & D Hauling, Inc.*, 331 F.3d 600 (8th Cir. 2003), a personal injury

case involving a collision between a train and a tractor trailer, the trial court allowed testimony

by a defendant's mechanical engineering expert regarding the forces involved in the collision.

Plaintiff appealed a jury verdict in favor of defendants and challenged the decision by the trial

court to admit this testimony.  The Eighth Circuit held:  "Dr. Blatzer's testimony was relevant in

that it refuted one of the assumptions on which Dr. Jordan's [medical expert's] causation opinion

was based—that 'Logan was thrown forward and then fell from his seat to the floor of the

locomotive hitting his head.'"  *Id*. at 603.  As was the case with the mechanical engineering

6

expert in *Logan*, Dr. Van Arsdell is not offering a medical causation opinion, although his engineering opinions are certainly germane to the assumptions medical experts may make in the case about the forces that resulted in the injuries.

As to Plaintiffs argument that the opinion should be excluded because it lacks a reliable scientific basis, Dr. Van Arsdell used sound methodology and has a reliable scientific basis for his opinion.  As he explained in his deposition:

Q:  What's the specific basis for that opinion?

A:  The accident reconstruction of Dr. Guenther, and the intrusion, the damage to the vehicle, that I measured and that Dr. Guenther measured.

Q:  And does that serve as the basis for all of the opinions in paragraph 13?

A:  Well, also the surrogate work that was done, looking at the witness marks on the interior of the vehicle and the witness marks on the child seat that were discussed in detail in my previous reports and testimony.  And my understanding of occupant kinematics and forces in crashes like this.  Over the last almost 20 years, I've investigated hundreds of real world accidents with child seats.  I've investigated or studied should I say thousands of crash test videos and reports involving child seats.  And I've myself run hundreds of crash tests with vehicles and child seats. And I've studied the literature. All of that is part of my foundation of [paragraph] 13.  My methodology that I used included all of those things, along with reviewing the 178 tests that were performed by Evenflo, and the ten tests performed by NHTSA, and the side impact tests.  All of these things act as foundation for not only the opinions in 13, but the opinions in this entire report.

(Dep. Tr. of W. Van Arsdell, Exhibit 3, at 72:1-73:8, dated July 14, 2015.)   Because the opinion Plaintiffs seek to challenge contained in paragraph 13 of Dr. Van Arsdell's Supplemental Report is within his area of expertise, and because he used sound methodology and has a reliable scientific basis for the opinion, Plaintiff's Motion to Exclude must be denied.

II.     **DR. VAN ARSDELL'S OPINION THAT OTHER TWO PIECE CHILD SEATS WOULD ALSO LIKELY HAVE DETACHED HAS A RELIABLE SCIENTIFIC BASIS AND IS RELEVANT TO THE REMAINING CLAIM AND DEFENSES IN THIS CASE**

Plaintiffs challenge Dr. Van Arsdell's opinion that other two piece infant seats would also

likely have detached in an accident of this magnitude.  As mentioned above, this Court has

already found Dr. Van Arsdell qualified as an expert regarding infant seats, and Dr. Van Arsdell

stated the very opinion Plaintiffs now seek to exclude to the jury in the first trial without any

objection by Plaintiffs' counsel:

> Q:  What was the cause of the separation in this case, in your opinion?
>
> A:  Well, put quite simply, it's the massive intrusion of the 5,000-pound pickup truck that smashed into the Hadjih vehicle right adjacent to where Amazigh was seated that resulted in tremendous intrusion into the occupant space and those forces couldn't be withstood by this child seat or any two-piece child seat.

(Trial Tr. at 1480:19-1481:1, Ex. 2.) Dr. Van Arsdell was further asked during the first trial

(without objection by Plaintiffs' counsel), whether he agreed with an admission by Plaintiffs'

expert Gary Whitman that he was not aware of another two-piece seat on the market in 2005 that

would have withstood the forces of the accident in this case:

> Q:  Do you agree with that?
>
> A:  Yes, I do.
>
> Q:  Why?
>
> A:  The force, the energy, and the intrusion of this accident are so tremendous that no two-piece child restraint seat can be expected to withstand those forces without being forced off of, driven off of the base.  It's just not a reasonable expectation.

*Id.* at 1481:9-24.

Plaintiffs argue in their motion to exclude that there is no scientific support for this

opinion and that it is "subjective belief" and "speculation."  (*See* Pls.' Mot. to Exclude at 9.)  In

fact, there is a scientific basis for this opinion.  Dr. Van Arsdell explained the basis during his

deposition, although Plaintiffs chose to omit from the text of their Motion to Exclude key

portions of Dr. Van Arsdell's testimony in which he explained the basis[1]:

> Q: What is your basis for that [opinion]?
>
> A: Well, the methodology that I used that I described earlier, and the work that I did leading up to the trial, which included a detailed review of the reconstruction, the intrusion, the forces of the accident, have led me to conclude based on science that very large forces were applied to this child restraint system.  And I believe that those forces would have forced most, if not all, two-piece carriers to separate from the base.
>
> Q:  Did you do testing of other carriers?
>
> A:  No.  But I don't see how any of those infant carriers could have absorbed the enormous amount of energy involved here.  The crash itself involved something like 90,000 foot pounds of energy being absorbed, just based on memory.  I don't see how any child seat of this type, any two-piece system could be expected to absorb that amount of energy.

(Dep. Tr. of W. Van Arsdell at 84:23-85:19, Ex. 3.) As a licensed professional engineer with a

Ph.D. in mechanical engineering from one of the most renowned engineering programs in the

world and years of experience in the design, testing, and investigation of accidents involving

child restraint systems, Dr. Van Arsdell clearly has a reliable scientific basis to render this

opinion.  This opinion is not based upon "speculation," "personal belief," or the "*ipse dixit*" of

the expert (a refrain Plaintiffs were fond of repeating in their Motion to Exclude).

In addition to the intensive investigation he performed in this case, Dr. Van Arsdell relies

upon his education, training, and years of experience to render his opinion that other two-piece

child seats would likely have detached in an accident of this magnitude.  The Tenth Circuit has

---

[1] (*See id.* (Plaintiffs only included the first word of Dr. Van Arsdell's testimony on page 85, line 12, and excluded his explanation of the basis for the opinion).)

recognized the prior experience of a well-qualified expert as a reliable scientific basis for opinions.

For example, In *Werth v. Makita Electric Works, Ltd.*, a suit brought by the parents of a child who was injured while using a circular saw, the defendant company challenged the testimony of plaintiff's consulting engineer as unreliable.  950 F.2d 643, 652 (10th Cir. 1991). The expert's proffered opinion involved an explanation of how the accident occurred.  *Id.*  In preparation, he had examined the scene of the accident, photographed the workshop and the saw, interviewed the family, plugged in and started the saw, but he did not run any tests or cut wood with the saw.  *Id.* at 652-53.  The court noted that the engineer had "worked extensively in the design and development of hand-held circular saws, and… had experience in reconstructing the kickback phenomenon."  *Id.* at 652.  After examining the expert's education and real-world experience with power tools, the court found that the engineer's "analysis and his conclusion on kickback rested on facts already in evidence."  *Id.* at 654.  The court held, "We cannot agree that it was impermissible speculation for [the expert], with his qualifications, to form an opinion on the probable causation from his analysis of the facts."  *Id.*  The court held that the opinion was admissible and any weaknesses in its basis should be addressed on cross-examination:

> [T]he doubts suggested by the trial judge concerning the sufficiency of the factual basis to support Bertolett's opinion go to its *weight,* and not to its admissibility. Here the trial judge found Bertolett to have expertise on both circular saws and the causes of kickback. ***Such expertise necessarily subsumes some knowledge*** of how objects contactinga moving circular blade would react and where they would be thrown.

*Id.* at 654 (emphasis added).

Plaintiffs also argue that Dr. Van Arsdell's opinion is not relevant to the failure to warn claim.  However, they take an impermissibly narrow view of what is relevant to the claim and defenses in this case.  In paragraph 14 of his Supplemental Expert Report, Dr. Van Arsdell has a

related opinion that Plaintiffs have not sought to challenge, namely that he is not aware of any other child seat manufacturer that includes the warning proposed by Plaintiffs' expert Gary Whitman (that the seat is safer when used without the base than with the base). If two-piece infant seats manufactured by other companies would have come detached due to the magnitude of the forces involved in this accident, and none of those manufacturers included the warning proposed by Mr. Whitman, this is certainly evidence probative of whether Evenflo's warnings were inadequate. *See, e.g.*, *Gearding v. Bombardier, Inc.*, No. 8:01-cv-485-T-17EAJ, 2003 WL 25686837, at *2 (M.D. Fla. June 11, 2003) (holding testimony of expert in failure to warn case comparing warnings used by other manufacturers would assist the trier of fact and is therefore admissible); *Jaurequi v. Carter Mfg. Co.*, 173 F.3d 1076, 1084 (8th Cir. 1999) (in order to support failure to warn claim, expert must create alternative warning or point to better warnings used by other manufacturers); *Ebenhoech v. Koppers Indus., Inc.*, 239 F.Supp.2d 455, 468 (D.N.J. 2002) (holding same). Accordingly, because Dr. Van Arsdell's opinions are relevant to the issue of whether Evenflo's warnings were inadequate, Plaintiffs' Motion to Exclude should be denied.

## CONCLUSION

For the foregoing reasons, Evenflo respectfully requests that the Court deny Plaintiffs' Motion to Exclude the two opinions of Dr. Van Arsdell that they have challenged.

Dated: November 10, 2015                Respectfully submitted,

*Original signature on file at the law firm of Wheeler Trigg O'Donnell LLP*

s/ *Erin F. Frohardt*
John M. Fitzpatrick, # 39569
Michiko A. Brown, # 33072
Erin F. Frohardt, # 47182
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado  80202
Telephone:  (303) 244-1800
Facsimile:   (303) 244-1879
        Email: Fitzpatrick@wtotrial.com
        Brown@wtotrial.com
        Frohardt@wtotrial.com

Dan H. Ball
Richard P. Cassetta
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone:  (314) 259-2000
Facsimile:  (314) 552-8341
Email:  dhball@bryancave.com
        Richard.cassetta@bryancave.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2015, a true and correct copy of the foregoing was filed served via CM/ECF on the following e-mail addresses:

- **Frank W. Coppola**
  fwc@CoppolaMarlin.com

- **Raymond Douglas Gentile**
  dgentile@dfrglaw.com

- **William C. Marlin**
  MarlinB@fdazar.com; FreemanA@fdazar.com

- **Jeffrey Dean Rowe**
  jrowe@dfrglaw.com

- **Dan H. Ball**
  dhball@bryancave.com

- **Richard Paul Cassetta**
  Richard.cassetta@bryan cave.com

s/ *M. Hope Watkins*