IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number:  10-cv-02435-RBJ-KMT

A.H., a minor, by and through his parent and next friend,
TONY HADJIH, and
TONY HADJIH, individually,

    Plaintiffs,

v.

EVENFLO COMPANY, INC., a Delaware corporation

    Defendant.

---

**DEFENDANT EVENFLO COMPANY, INC.'S RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* #3 TO EXCLUDE EVIDENCE REGARDING THE JURY VERDICT IN THE FIRST TRIAL AND/OR THAT PLAINTIFFS' PREVIOUSLY ASSERTED ALLEGATIONS OF A DESIGN DEFECT IN THIS CASE (ECF NO. 226)**

---

Defendant Evenflo Company, Inc. ("Evenflo"), respectfully responds in opposition to Plaintiffs' Motion *in Limine* #3 to Exclude Evidence Regarding the Jury Verdict in the First Trial and/or that Plaintiffs' Previously Asserted Allegations of a Design Defect in this Case (ECF NO. 226).

In their Motion, Plaintiffs ask that the Court preclude any reference to the prior jury verdict or whether the car seat is defective. The Court should deny Plaintiffs' request, as it would lead to a profoundly unfair result and hamstring Evenflo's ability to effectively defend itself in the upcoming trial.

Specifically, it is obvious that Plaintiffs are going to put on evidence and argument at trial that all but in the label alleges that the car seat had a design defect. They will put before the jury evidence about how the car seat separated from its base and was tossed around the vehicle,

leading to catastrophic injuries to A.H. Even if Plaintiffs never reference "design defect," the obvious implication of this evidence is that there was a design issue with the car seat. Indeed, Plaintiffs intend to put forth design defect evidence from the first trial disguised, like a wolf in sheep's clothing, as failure to warn evidence. To ensure a fair trial and determination of the failure to warn claim, Evenflo should be permitted to rebut the implication of a design defect and inform the jury that there was no design defect. Evenflo has even filed a motion to take judicial notice of the prior jury verdict, which includes a proposed instruction for the Court's consideration. (*See* Mot. for Judicial Notice of Prior Verdict and J., ECF No. 223.) Evenflo is also submitting an alternative proposed instruction in its reply in support of that motion. Even if the Court is not inclined to instruct the new jury regarding the fact that there was a prior jury verdict in this case, the Court should still instruct the new jury that there is no design defect issue in this case. Specifically, Evenflo requests that the Court instruct the jury as follows:

> "There is no claim in this case that the two-piece design of the Discovery is defective or that the separation is related to any defect. You should not consider any evidence or argument regarding any alleged defects in the design of the Discovery in reaching your verdict in this case. The only issues for you to decide are whether Evenflo was negligent in not providing a warning that the use of the Discovery without the base is safer than with the base and whether failure to provide this warning was a cause of the injury."

Evenflo does not intend to introduce extensive evidence of the prior trial, or to rehash the evidence concerning design defect. Rather, Evenflo simply intends to defuse the issue of whether there was a design defect. That is proper, and evidence of the prior jury verdict is certainly relevant to it. Although Plaintiffs allege that this type of evidence runs substantial "risks" of prejudicing and misleading the jury, and confusing the issues, Plaintiffs exaggerate the risks here given the limited use of the evidence, and a proper instruction from the Court can negate

whatever risks there may be. Moreover, as discussed in Evenflo's Motion for Judicial Notice, the risks to Evenflo if this evidence is excluded are substantial.

Accordingly, the Court should deny Plaintiffs' Motion.

## BACKGROUND

This case arises out of a motor-vehicle accident that occurred on June 10, 2005. On that evening, Ms. Razika Daya Hadjih, wife of Plaintiff Tony Hadjih and mother of Plaintiff A.H., made an illegal left hand turn in front of an oncoming truck, which had the right-of-way. The truck slammed into the passenger side of Ms. Hadjih's Jeep Cherokee at approximately 40 miles per hour. The massive impact resulted in nearly two feet of intrusion into A.H.'s occupant space. This intrusion forced the Evenflo Discovery Model 316 car seat in which A.H. was restrained off its base. A.H. suffered head injuries as a result of the accident.

Plaintiffs initially asserted claims against Evenflo for design defect, failure to warn, and violation of the Colorado Consumer Protection Act ("CCPA"). Following the close of Plaintiffs' case, the Court dismissed Plaintiffs' failure to warn claim. (Order, Nov. 13, 2012, ECF No. 176.) The remaining claims for design defect and a CCPA violation went to the jury, which returned a verdict for Evenflo on both claims. (Verdict Form, ECF No. 179-6.) Plaintiffs appealed to the Tenth Circuit, which reversed the dismissal of Plaintiffs' failure to warn claim but left undisturbed the verdict on Plaintiffs' remaining claims.[1] *See A.H. ex rel. Hadjih v. Evenflo Co., Inc.*, No. 13-1403, 579 Fed. App'x 649 (10th Cir. 2014).

---

[1] In their Motion, Plaintiffs claim that Evenflo should have warned of the "known potential" of separation. (*See* Pls.' Mots. *in Limine*, ECF No. 226, at 2.) However, this is not the correct statement of Plaintiffs' claim, either according to the Tenth Circuit or the evidence in the

*(Footnote cont'd on next page)*

**ARGUMENT**

I.   **EVIDENCE THAT THE PRIOR JURY DETERMINED THERE WAS NO DESIGN DEFECT IS RELEVANT AND ADMISSIBLE**

Plaintiffs contend that evidence of the prior jury verdict rejecting their design defect claim is irrelevant and inadmissible in the retrial. Plaintiffs take an unreasonably restrictive view of "relevancy" under the Rules of Evidence, and they essentially ask that the Court prohibit Evenflo from rebutting the implication that car seat was defectively designed.

Whether framed as a design defect or failure to warn, the central factual aspect of Plaintiffs' case is that the car seat separated from its base. Indeed, as Plaintiffs' motion shows, they will argue about how the car seat, "with A.H. still strapped inside," separated "from the base

---

*(Footnote cont'd from previous page.)*

case. According to the Tenth Circuit's analysis of a possible warnings claim, and the supplemental report of Plaintiffs' expert, Gary Whitman, the only potential claim of inadequate warning in this case is whether Evenflo should have provided a warning that use of the Discovery without the base is safer that with the base. This is the potential claim addressed by the Tenth Circuit and by the Whitman supplemental expert report.  Plaintiffs should not be allowed to pursue an inadequate warning claim based on the failure to tell consumers that a carrier can detach from a base.  Evenflo objects to such a claim because it is contrary to the Tenth Circuit opinion and plaintiffs' expert evidence. *See A.H. ex rel. Hadjih,* 579 Fed. App'x at 654; Whitman Supplemental Report, ¶¶ 4-8, attached as Exhibit A. As the Tenth Circuit held, because "the purpose of a warning is to make the use of a product safe or at least safer," the warning must speak to the relative safety of using the seat without the base. *A.H. ex rel. Hadjih,* 579 Fed. App'x at 652. The fact of a possibility of separation, without more, does not speak to the safety of the seat with or without the base. Instead, Plaintiffs must show that the possibility of separation, when combined with all other relevant aspects of overall safety, means that the seat is safer when used without the base. Plaintiffs also must then show that Evenflo should have warned of the relative safety and "allowed consumers to decide based on full information when or whether to trade added safety for added convenience." *Id*. Evenflo will present evidence that use of the Discovery without the base is not safer, in terms of overall safety. Thus, the potential warning claim discussed by the Tenth Circuit and the Whitman supplemental report is without engineering support. Evenflo will establish this at trial.

and bec[a]me completely unrestrained in the vehicle," which led to the car seat "tumbling around inside the vehicle during the accident" and causing permanent, severe injuries to A.H. (Mot. at 2.) Plaintiffs also plan to offer at least some of their "design defect" evidence from the first trial at this trial, as indicated by their motions in limine referencing that evidence and even stating that the facts at issue in both cases are the same. (*See id.* at 4 ("The question the Court must resolve is whether a prior jury verdict on a product design defect claim has any bearing on or relevance to subsequent failure to warn claims brought under the same facts." (emphasis omitted)).) The obvious implication of this evidence (which Plaintiffs argued at the first trial) is that there was a design defect with the car seat and, specifically, with the latching mechanism.

Evenflo can only counter that implication by showing that there is no design defect with the seat—and the jury verdict from the prior trial (or the fact that certain facts and legal claims have already been determined and are not at issue) is the evidence that there is no design defect. It would be highly prejudicial, and lead to an unfair trial, if Plaintiffs could introduce evidence implying that the car seat suffered from a design defect while Evenflo is prevented from rebutting that evidence.[2] The Tenth Circuit has recognized, in affirming the admissibility of a prior judicial order, that it is appropriate to allow the admission of evidence to rebut this type of

---

[2] Further, Evenflo is entitled to introduce "background" evidence regarding the accident and cause of A.H. injuries, which again includes that the car seat is not defective. As the Advisory Committee Notes explain: "Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding." Advisory Committee Notes to Fed. R. Evid. 401; *see also* 1 McCormick On Evid. § 185 (7th ed.) ("In addition to evidence that bears directly on the issues, leeway is allowed even on direct examination for proof of facts that merely fill in the background of the narrative and give it interest, color, and lifelikeness.").

implication. *See MCC Mgmt. of Naples, Inc. v. Int'l Bancshares Corp.*, 468 Fed. App'x 816, 825 (10th Cir. 2012) ("Second, the Colliers and Ms. Carver used the opinion defensively, to rebut an accusation of fraud. The district court was within its discretion in deciding that a party, faced with allegations of tortious or malicious conduct, should not be disabled from inquiring about highly probative evidence."). The Tenth Circuit is not alone. In fact, in one of the cases cited by Plaintiffs, the Eighth Circuit affirmed the admission of evidence of prior defense verdicts in product liability actions to rebut false impressions concerning what had occurred in the prior incidents. *See Chism v. CNH Am. LLC*, 638 F.3d 637, 641 (8th Cir. 2011).[3]

Nor, contrary to Plaintiffs' assertion, has the Tenth Circuit held that prior verdicts are irrelevant and inadmissible. (*See* Mot. at 5.) The Tenth Circuit in *Herrick v. Garvey* was considering a materially different issue: whether ***judicial*** findings of fact in unrelated cases qualify for a ***hearsay*** exception. 298 F.3d 1184, 1192 (10th Cir. 2002). The Tenth Circuit nowhere addressed relevancy and, as to "policy" concerns at play in *Herrick*, a judicial finding of fact, which comes cloaked with the authority of the Court, presents different concerns from a

---

[3] Plaintiffs' citations to cases from the Third Circuit are also unhelpful to them. In *Coleman Motor Co. v. Chrysler Corp.*, the Third Circuit affirmed the introduction of prior verdict evidence by the defendant to show a witness' bias. 525 F.2d 1338, 1350-51 (3d Cir. 1975). The Court reversed because on redirect examination the plaintiff was allowed to introduce evidence of the prior verdict that addressed substantive issues before the jury in the later trial. *Id.* In other words, *Coleman* does not stand for the proposition that jury verdicts are inadmissible at trial; rather, the admissibility of such evidence turns on the particular circumstances and use of the evidence. And in *McKibben v. Phila. & Reading R.R., Co.*, 251 F. 577 (3d Cir. 1918), the Third Circuit considered a situation where the jury reviewed a newspaper article (apparently "inspired by the plaintiff, or by some one acting for him") during its deliberations that contained inflammatory information about other verdicts against the defendant. *Id.* at 578. The *McKibben* decision is plainly inapposite.

jury verdict. Moreover, the Tenth Circuit has in other circumstances affirmed the admission of evidence of prior judicial opinions. *See MCC Mgmt*, 468 Fed. App'x at 824 ("The guiding principle, then, in admitting what we might call 'judicial' evidence is that, notwithstanding its special potency, it must be treated like any other evidence. There is no bright-line rule against its admission."); *Pers. Dep't, Inc. v. Prof'l Staff Leasing Corp.*, 297 Fed. App'x 773, 786-87 (10th Cir. 2008) (affirming admission of prior judicial decisions that were relevant, and rejecting argument that opinions should have been excluded as unfairly prejudicial under Rule 403).

The nature of Plaintiffs' claim and evidence necessarily implicates and raises whether the car seat was defectively designed. To receive a fair trial, Evenflo must be allowed to address that issue, and, therefore, it is appropriate to alert the jury that design defect issues have been resolved and may not be considered here.

## II. THE COURT SHOULD NOT EXCLUDE EVIDENCE OF THE PRIOR JURY VERDICT UNDER RULE 403

Plaintiffs exaggerate the risks posed by evidence of the prior jury's verdict. Evenflo does not intend to spend time on the prior jury verdict beyond establishing the prior jury's verdict forecloses any finding of a design defect here. Plaintiffs can hardly be heard to complain about this as they are now precluded, as a matter of law, from recovering for their design defect claim. Further, trial is proceeding on Plaintiffs' argument that their failure to warn claim is different from their earlier design defect claim,[4] and the prior jury did not address or consider failure to

---

[4] Plaintiffs cannot on one hand argue that the two are distinct and thus they deserve a new trial on failure to warn while also arguing that the two are so similar the jury may confuse the issues and think they are intertwined if they are told of the design defect verdict.

- 7 -

warn. The new jury should be able to understand this. Nor, given the limited purpose for which the evidence will be introduced, is there any reason to believe that the jury will be improperly swayed by the prior jury verdict or be confused or misled by it. *See Pers. Dep't*, 297 Fed. App'x at 787 (rejecting prejudice argument where prior judicial decisions did not issue findings that would resolve issues before the jury).

The jury here will be fully capable of understanding that the prior verdict did not address failure to warn (aided by the arguments of Plaintiffs' counsel), and the Court can give a proper instruction on the prior verdict, which would adequately guard against the "dangers" Plaintiffs raise. *See MCC Mgmt*, 468 Fed. App'x at 825-26 (explaining that in allowing evidence of prior judicial order with a limiting instruction the Court "struck a permissible balance between the Colliers' right to probative evidence and IBC's right to a fair trial"); *Pers.Dep't*, 297 Fed. App'x at 787-88 (explaining that the district court's limiting instructions negated any risk that the jury would improperly rely on prior judicial opinions).

### III. EVIDENCE THAT THE CAR SEAT IS NOT DEFECTIVELY DESIGNED IS RELEVANT AND ADMISSIBLE

In addition to seeking an order excluding evidence of the prior verdict, Plaintiffs also request that the Court bar evidence (1) of whether the car seat was defective, and (2) that Plaintiffs also pursued a design defect claim. (Mot. at 6.)

Evenflo does not intend to introduce evidence on these issues aside from establishing that there is no design defect based upon the prior jury's verdict. As discussed above, such evidence is appropriate and admissible, and any of Plaintiffs' concerns regarding prejudice, confusion, or misleading the jury may be addressed and resolved through a proper jury instruction.

**CONCLUSION**

For the reasons given above, the Court should deny Plaintiffs' Motion.

Dated: November 10, 2015                Respectfully submitted,

*Original signature on file at the law firm of Wheeler Trigg O'Donnell LLP*

s/*Erin F. Frohardt*
John M. Fitzpatrick, # 39569
Michiko A. Brown, # 33072
Erin F. Frohardt, # 47182
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado  80202
Telephone:  (303) 244-1800
Facsimile:   (303) 244-1879
    Email: Fitzpatrick@wtotrial.com
        Brown@wtotrial.com
        Frohardt@wtotrial.com

Dan H. Ball
Richard P. Cassetta
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone:  (314) 259-2000
Facsimile:   (314) 552-8341
Email:  dhball@bryancave.com
        Richard.cassetta@bryancave.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2015, a true and correct copy of the foregoing was filed served via CM/ECF on the following e-mail addresses:

- **Frank W. Coppola**
  fwc@CoppolaMarlin.com

- **Raymond Douglas Gentile**
  dgentile@dfrglaw.com

- **William C. Marlin**
  MarlinB@fdazar.com; FreemanA@fdazar.com

- **Jeffrey Dean Rowe**
  jrowe@dfrglaw.com

- **Dan H. Ball**
  dhball@bryancave.com

- **Richard Paul Cassetta**
  Richard.cassetta@bryan cave.com

s/*M. Hope Watkins*