IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number:  10-cv-02435-MSK-KMT

A.H., a minor, by and through his parent and next friend,
TONY HADJIH, and
TONY HADJIH, individually,

      **Plaintiffs,**

v.

EVENFLO COMPANY, INC., a Delaware corporation

      **Defendant.**

---

## EVENFLO'S REPLY IN SUPPORT OF ITS MOTION FOR
## JUDICIAL NOTICE OF PRIOR VERDICT AND JUDGMENT

---

For all of the reasons set forth in Evenflo's Motion for Judicial Notice of Prior Verdict and Judgment, the Court should take judicial notice of the prior verdict and judgment in this case and give the jury the instructions requested in Evenflo's motion.  Contrary to Plaintiffs' assertions in their memorandum in opposition, the prior judgment and verdict are facts susceptible to judicial notice, they satisfy the "indisputability" requirement of Rule 201(d), they are relevant to this case, and, far from creating an obvious and substantial risk of unfair prejudice to Plaintiff, the failure to take judicial notice and instruct the jury regarding the prior verdict and judgment in the case would mislead the jury, confuse the issues, and create a substantial risk of unfair prejudice to Evenflo.

Alternatively, if the Court is not inclined to take judicial notice of the prior verdict and judgment in this case, Evenflo submits that, at a minimum, this Court should instruct the jury that there is no claim in the case that the design of the Discovery is defective and that the jury

should not consider any evidence or argument regarding alleged defects in the design of the Discovery in reaching its verdict in this case.

Although it is clear that the jury made a few factual determinations in rendering its verdict in favor of Evenflo, factual determinations that are capable of being judicially noticed, Plaintiffs attempt to confuse the issue by pointing to Jury Instruction No. 13 and suggesting that the jury could have based its verdict on a "no" answer to any one of seven questions. (*See* Pls.' Mem. in Opp'n at 4.) This is not correct. Questions three through five were not contested, nor was the fact that Plaintiffs had injuries and damages, which was question number 6. (*See* Jury Instructions, 13, Nov. 16, 2012, ECF No. 179-5.) Thus, the jury either based its verdict on a finding that the Discovery child seat was not defective, that the child would have been injured whether or not there was a defect (in other words, there is no proximate causation), or both. The jury in the second trial is entitled to know the factual findings and legal result of the first trial. Therefore, the Court should grant Evenflo's motion for judicial notice.[1]

Plaintiffs attempt to distinguish the authority cited by Evenflo in its motion for judicial notice. For example, Plaintiffs argue that a Tenth Circuit case cited by Evenflo in support of its motion, *Amphibious Partners, LLC v. Redman*, 534 F.3d 1357 (10th Cir. 2008), is distinguishable because it was a bench trial in which the court made findings of fact. However, the rationale articulated in *Amphibious Partners*, namely that "[j]udicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it" is equally applicable to judgments on a jury verdict as it is to a judgment from a bench trial. For example, in taking judicial notice of a judgment on a jury verdict, this Court in a ruling by the

---

[1] Even if the Court decides not to explicitly reference the original jury verdict and instead refer to the facts and legal result as already determined or decided "as a matter of law," the Court should still grant Evenflo's motion and simply modify the instruction to be given at trial.

Honorable William Martinez held: "As this is a public document, the Court has little difficulty concluding that it is permitted to do so and will take judicial notice of the fact that the jury in the underlying action determined the Martins' damages to be $3,087,500." *King v. Allstate Ins. Co.*, No. 11-cv-00103, 2013 WL 4510549 at * 1 (D. Colo. Aug. 26, 2013); *see also See St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a federal court may take judicial notice of any court proceedings directly related to matters at issue).

In the first trial in this case, Plaintiffs presented evidence and argument that Evenflo's Discovery 316 infant safety seat was allegedly defective in design and that Evenflo had allegedly made material misrepresentations about the Discovery in violation of the Colorado Consumer Protection Act. The jury rejected Plaintiffs' evidence and argument and determined that Evenflo did not have any liability to Plaintiffs under either theory. These are facts that are susceptible to judicial notice and facts that cannot be disputed.

In support of its argument that the prior judgment and verdict in this case does not meet the "indisputability" requirement for judicial notice, Plaintiffs cite a U.S. District Court for the District of Utah case, *Magnusson v. Ocwen Loan Servicing, LLC*, No. 2:14-cv-00161, 2014 WL 3881626 (D. Utah Aug. 7, 2014). But *Magnusson* is clearly distinguishable from the facts of this case. In *Magnusson*, the issue was whether the Court should take judicial notice of a consent judgment. In declining to take judicial notice of the consent judgment, the court held: "the provisions of the Consent Judgment are not without dispute as the terms of the judgment specifically state that Ocwen does 'not admit the allegations of the Complaint other than those facts deemed necessary to the jurisdiction of this court.'" *Id*. at *2. There is no similar provision in the verdict and judgment in this case.

Plaintiffs argue that if the Court were to take judicial notice of its prior verdict and

judgment, there would be a substantial risk of unfair prejudice to Plaintiffs, confusion of the issues, and misleading the jury.  Actually, the opposite is true:  if the Court <u>does not</u> take judicial notice of the prior verdict and judgment and instruct the jury, there is significant danger of confusion of the issues, misleading the jury, and unfair prejudice to Evenflo.  In remanding the case to allow Plaintiffs to proceed on their failure to warn claim, the Tenth Circuit has stated that Plaintiffs, with sufficient proof, might be able to advance a warning claim on the theory that using the Discovery child seat without the base was safer than with the base and that Evenflo should have provided a warning to this effect.[2]  *See A.H. ex rel. Hadjih v. Evenflo Co., Inc.*, No. 13-1403, 579 Fed. App'x 649, 654 (10th Cir. 2014).  The warnings theory Plaintiffs' expert Gary Whitman has articulated is that Evenflo should have warned consumers that the Discovery is safer without the base than with the base.  Without an instruction from the Court, the jury may

---

[2] In their motions *in limine*, Plaintiffs claim that Evenflo should have warned of the "known potential" of separation. (*See, e.g.*, Pls.' Mot. *in Limine* #1, ECF No. 224, at 2.) However, this is not the correct statement of Plaintiffs' claim, either according to the Tenth Circuit or the evidence in the case. According to the Tenth Circuit's analysis of a possible warnings claim, and the supplemental report of Plaintiffs' expert, Gary Whitman, the only potential claim of inadequate warning in this case is whether Evenflo should have provided a warning that use of the Discovery without the base is safer that with the base. This is the potential claim addressed by the Tenth Circuit and by the Whitman supplemental expert report. Plaintiffs should not be allowed to pursue an inadequate warning claim based on the failure to tell consumers that a carrier can detach from a base.  Evenflo objects to such a claim because it is contrary to the Tenth Circuit opinion and Plaintiffs' expert evidence. *See A.H. ex rel. Hadjih*, 579 Fed. App'x at 654; Whitman Supplemental Report, ¶¶ 4-8, attached as Exhibit A. As the Tenth Circuit held, because "the purpose of a warning is to make the use of a product safe or at least safer," the warning must speak to the relative safety of using the seat without the base. *A.H. ex rel. Hadjih*, 579 Fed. App'x at 652. The fact of a possibility of separation, without more, does not speak to the safety of the seat with or without the base. Instead, Plaintiffs must show that the possibility of separation, when combined with all other relevant aspects of overall safety, means that the seat is safer when used without the base. Plaintiffs also must then show that Evenflo should have warned of the relative safety and "allowed consumers to decide based on full information when or whether to trade added safety for added convenience." *Id*. Evenflo will present evidence that use of the Discovery without the base is not safer, in terms of overall safety. Thus, the potential warning claim discussed by the Tenth Circuit and the Whitman supplemental report is without engineering support. Evenflo will establish this at trial.

4

become confused and believe that it is supposed to consider whether a two-piece design, in general, is defective, or whether something about the two-piece design of the Discovery is defective.  A jury has already determined that Evenflo is not liable under a design defect theory. Thus, it would be improper for the jury in the second trial to consider evidence or argument regarding any alleged defect in the design of the Discovery.

Alternatively, if the Court is not inclined to take judicial notice of the prior verdict and judgment and give the instructions requested in Evenflo's motion, then, at a minimum, the Court should instruct the jury as follows:

> "There is no claim in this case that the two-piece design of the Discovery is defective or that the separation is related to any defect.  You should not consider any evidence or argument regarding any alleged defects in the design of the Discovery in reaching your verdict in this case.  The only issues for you to decide are whether Evenflo was negligent in not providing a warning that the use of the Discovery without the base is safer than with the base and whether failure to provide this warning was a cause of the injury."

## Conclusion

For the foregoing reasons, Evenflo respectfully requests that the Court grant its Motion for Judicial Notice of Prior Verdict and Judgment, or, alternatively, give the alternative instruction proposed by Evenflo.

Dated: November 12, 2015

Respectfully submitted,

*Original signature on file at the law firm of Wheeler Trigg O'Donnell LLP*

s/ Erin F. Frohardt
John M. Fitzpatrick, # 39569
Michiko A. Brown, # 33072
Erin F. Frohardt, # 47182
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado  80202
Telephone:  (303) 244-1800
Facsimile:   (303) 244-1879
Email: Fitzpatrick@wtotrial.com
      Brown@wtotrial.com
      Frohardt@wtotrial.com

Dan H. Ball
Richard P. Cassetta
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone:  (314) 259-2000
Facsimile:  (314) 552-8341
Email: dhball@bryancave.com
      richard.cassetta@bryancave.com

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon all counsel of record via ECF notification this 12th day of November, 2015.

*/s/ M. Hope Watkins*