IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number: 10-cv-02435-RBJ-KMT

A.H., a minor, by and through his parent and next
friend, TONY HADJIH, and
TONY HADJIH, individually,

    **Plaintiffs,**

v.

EVENFLO COMPANY, INC., a Delaware corporation

    **Defendant.**

---

**PLAINTIFFS' MOTION TO RECONSIDER THE COURT'S RULING ON PLAINTIFFS' MOTION *IN LIMINE* #1 BASED ON NEWLY DISCOVERED EVIDENCE IN RANDY KISER'S DEPOSITION THAT SHOWS THE DISCOVERY MANUAL AT ISSUE FAILED TO COMPLY WITH THE REQUIREMENTS OF FEDERAL MOTOR VEHICLE SAFETY STANDARD (FMVSS) 213**

---

Pursuant to D.C.COLO.LCivR 7.1A, counsel certifies that he has conferred in good faith with Defendant Evenflo's counsel regarding this Motion to Reconsider. Plaintiffs' counsel has been informed that Evenflo will oppose the relief requested herein.

Plaintiffs filed a motion seeking to exclude any mention of FMVSS 213 at trial because it is not "applicable" in this failure to warn case. *See* [Doc. 224, Plaintiffs' Motion *in Limine* #1]. The Court denied Plaintiffs' motion. [Doc. 244, "Courtroom Minutes"]. As pointed out in Plaintiffs' motion, FMVSS 213 requires child seat manufacturers to comply with mandatory labeling and warning requirements that are specifically set forth in the regulation. The Court's

1

decision was made under the assumption that the labeling and instructions that accompanied the Discovery child restraint were in compliance with FMVSS 213.[1]

Evenflo's assertion that the Discovery "complied" with FMVSS 213 is directly related to Evenflo's anticipated attempt at establishing a rebuttable presumption that the Discovery was "not defective" pursuant to C.R.S. § 13-21-403(1)(b). To that end, after Plaintiffs filed their motion seeking the exclusion of 213 evidence on October 20, 2015, Plaintiffs discovered new evidence during the deposition of Randy Kiser that was taken on November 18, 2015 (the transcript was received on November 20). The testimony given by Mr. Kiser – Evenflo's Director of Product Safety, Research, and Development at the time the subject Discovery was sold to the Hadjihs in 2005 – proves the Discovery manual sold to the Hadjihs did *not* comply with all the applicable requirements of FMVSS 213. Based on this new testimony, Plaintiffs contend that the Hadjih's manual did not comply with the standard. The relevant testimony on that issue is as follows:

> Q: All right. We've briefly discussed it earlier but there -- there are provisions in this Discovery manual, Exhibit 7, and on the seats labeling that are required by the Federal Government, right?
>
> A: Correct.
>
> Q: And those requirements are actually very specific; aren't they?
>
> A: Yes. Some of them have the exact language that must be used.
>
> Q: And if Evenflo publishes an owner's manual that doesn't include all the warnings required

---

[1] *See* [Doc. 233, p. 9, Evenflo's response in opposition to Plaintiffs' Motion *in Limine* #1] (Evenflo argued that "[s]ection 13-21-403 puts Evenflo's compliance with 'any applicable code, standard, or regulation' at issue. Accordingly, Evenflo's compliance with FMVSS 213—which is the governmental standard concerning the car seat—is relevant and admissible.")

by the Government, then it means the seat fails to comply with the standard, correct?

A:  In that respect, yes.

Q:  And it would be illegal for Evenflo to sell a seat that doesn't meet the federal requirements, right?

   MR. BALL:  Object to the form.

A:  It would be -- it would be noncompliant so the company would at least have to petition for an inconsequential noncompliance, depending on the nature of what the warning or instruction was.

Q:  All right. But you can't sell a seat that's not compliant with 213, right?

A:  You're not supposed to, no.

Q:  And when you say you're not supposed to, the Federal Government prevents you from doing that, right?

A:  There's a law. I mean, there's laws that say you're not supposed to.

\*   \*   \*

Q:  Okay. I'll hand you what's been marked Plaintiff's Exhibit 166, and Plaintiff's Exhibit 166 is a copy of FMVSS 213 from October 1 of 2004. That's the edition, right?

A:  Yes.

Q:  So before the Hadjih seat was manufactured and sold, correct?

A:  Yes.

Q:  Now, if you'll turn to page 636 of the regulation, section 5.6.1.5 states, quote, the instructions shall state that add-on child restraint systems should be securely belted to the vehicle even

3

when they are not occupied since in a crash an unsecured child restraint system may injure other occupants, closed quote. Did I read that correctly?

A: You read that correctly.

Q: Where in the Discovery manual that Evenflo supplied to the Hadjihs, which is Exhibit 7, is that mandatory warning?

A: I'll have to look.

    MR. BALL: Object to the form and foundation.

Q: All right. We can go off the record and you can -- I'll give you time to look through it.

A: Okay. Thank you.

    \*    \*    \*

Q: All right. That warning that I just pointed out isn't in this manual is it?

    MR. BALL: Object to the form and the foundation.

A: I've not been able to find it in my quick read through.

Q: And I'll give you more time if you want it right now. We won't go off the record but you didn't find it anywhere in that manual, correct?

A: It wasn't where I expected it to be, no.

Q: And you looked through the whole manual, right?

A: I looked through every page, yes.

Q: And you did not see the warning, correct?

A: I didn't notice it, no.

4

> Q: Since that required warning was not in the manual, it didn't meet the federal requirements set out in FMVSS 213, correct?
>
>     MR. BALL: Object to the form and the foundation.
>
> A: It did not meet that specific requirement, no.
>
> Q: And that meant that the Discovery manual that we're talking about here didn't just fail that requirement, it meant it failed the 213 generally, correct?
>
> A: No. It does not mean that. It just means that it did not satisfy the requirement of section 5.6.1.5.
>
> Q: Now, when you sell -- when Evenflo sells a child's seat, it has to comply with all of the requirements of FMVSS 213, correct?
>
> A: All of the applicable requirements, yes.
>
> Q: And this is an applicable requirement, right?
>
> A: I believe so, yes.
>
> Q: And it did not comply in this instruction manual with that applicable requirement?
>
>     MR. BALL: Object to the form and the foundation.
>
> A: Not that I've been able to determine as I sit here.

Exhibit 1, Randolph Kiser 11/18/2015 Deposition, 38:24 – 44:1.

    If the manual does not, by the admission of Evenflo's own witness, comply with the FMVSS 213 labeling requirements, then Evenflo is not entitled to a "rebuttable presumption" under C.R.S. § 13-21-403(1)(b). And Plaintiffs further contend that Mr. Kiser's testimony

constitutes a judicial admission by Evenflo of the Discovery manual's noncompliance with FMVSS 213.

## **CONCLUSION**

For all the reasons set forth *supra*, Plaintiffs request that this Court reconsider its prior ruling denying Plaintiffs' Motion *in Limine* #1 and enter a revised order that precludes Evenflo from arguing the Discovery's "compliance" with FMVSS 213 and, further, ruling that Evenflo is not entitled a rebuttable presumption, pursuant to C.R.S. § 13-21-403(1)(b), that the Discovery is not defective.

Respectfully Submitted,

/s/ Jeffrey D. Rowe_____
R. Douglas Gentile
Jeffrey D. Rowe
Douthit Frets Rouse Gentile & Rhodes, LLC
5250 W. 116th Place, Suite 400
Leawood, Kansas 66211
(913) 387-1600
(913) 928-6739 - fax
dgentile@dfrglaw.com
jrowe@dfrglaw.com

William C. Marlin
Franklin D. Azar and Associates P.C.
14426 East Evans Avenue
Aurora, Colorado 80014
(303) 757-3300
(303) 757-3206 – fax
Marlinb@fdazar.com
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE (CM/ECF)**

   I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon counsel for defendant Evenflo via electronic notification this 23rd day of November, 2015.

John M. Fitzpatrick
Michiko A. Brown
Erin F. Frohardt
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Fitzpatrick@wtotrial.com
Brown@wtotrial.com
Frohardt@wtotrial.com

Dan H. Ball
Richard P. Cassetta
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri  63102
dhball@bryancave.com
richard.cassetta@bryancave.com

             /s/ Jeffrey D. Rowe_____
             Attorney for Plaintiffs