IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02435-MSK-KMT

A.H., a minor, by and through his parent and next friend,
TONY HADJIH, and
TONY HADJIH, individually,

    Plaintiffs,

v.

EVENFLO COMPANY, INC., a Delaware Corporation

    Defendant.

## PLAINTIFFS' TENDER OF REVISED JURY INSTRUCTIONS NOS. 1 AND 14

Plaintiffs, by and through their attorneys, Franklin D. Azar and Associates, P.C., Coppola Law, P.C., and Douthit Frets Rouse Gentile & Rhodes, L.L.C., provide the following Tender of Revised Jury Instructions Nos. 1 and 14:

1.    Jury instructions conform to the evidence introduced <u>during the trial</u>. This is why the Court said, at the pretrial conference on 11/19/15, "decisions we make today about jury instructions are not necessarily set in stone." It is also why, at the beginning of trial, the Court told the jury that the instructions they were about to hear might be tweaked or modified at the end of the trial.

2. It should go without saying that plaintiffs are entitled to define their theory of the case. The 10th Circuit's opinion carefully defined the elements of plaintiffs' theory in footnote 1 of its opinion. The Court did not restrict or limit plaintiffs, in any way, to any specific evidence to meet the elements of this instruction. Indeed, the Court's analysis tracks, almost exactly, the theory plaintiffs have advanced at trial.

3. The defendant is not entitled to "re-define" the plaintiffs' theory – a straw man tactic – to one it believes may be easier to defend. Defendant <u>wants</u> plaintiffs' theory to be that all two-piece infant seats are dangerous and that warnings are required on all of them that children are "safer" in the one-piece configuration. Plaintiffs offered no evidence of this at this trial – none.

4. Plaintiffs' theory at trial has been very simple, and evidence supporting the theory has come into evidence in accordance with the Tenth Circuit's opinion without any valid objection.

Plaintiffs' theory is simple. Colorado law (as defined in Colorado's jury instruction on negligent failure to warn) required Evenflo to warn of a hazard that it knew or should have known about so long as the hazard is not open and obvious. So, what was the hazard? The hazard is seat/base separation in a collision. The consequence of separation is a loss of restraint. Loss of restraint significantly increases the risk of serious injury or death. The risk of separation can be avoided by not using the base. End of story.

This theory was addressed by plaintiffs in opening statement. It was covered very carefully and specifically in the direct examinations of Mr. Whitman and Mr. Kiser. (See the Kiser deposition at pg. 57, L. 14-16; pg. 59, L. 3-6 and L. 19-25; pg. 60, L. 14-18; pg. 61, L. 19-23). At no time were either of these engineers asked by plaintiffs' counsel if it was "safer" to use the seat with or without the base; <u>those questions were all asked by defense counsel in an effort to implement their straw man strategy</u>. Defense counsel have the trial transcript (we do not); if they can supply plaintiffs with even one question asked by plaintiffs' counsel that specifically asked about the need for Evenflo to warn that the Discovery was "safer without the base" – or testimony from Mr. Whitman on direct that said that – then we look forward to seeing it.

Plaintiffs' theory continued to be developed in the direct examinations of Tony and Daya Hadjih. The focus is, and has been throughout trial, on the risk of separation, Evenflo's knowledge of that risk, the consequences of separation, and how to avoid it.

4. Jury instructions number 1 and number 14 have been modified to conform to the evidence at trial. Redlined copies are attached and plaintiffs are tendering these to the Court at this time.

DATED this 13th day of December, 2015.

By: /s/ *William C. Marlin*
William C. Marlin
Franklin D. Azar and Associates, PC
14426 East Evans Avenue
Aurora, Colorado 80014
(303) 757-3300
(303) 757-3206 – fax
MarlinB@fdazar.com

Frank W. Coppola
Coppola Law, PC
3010 East 6th Avenue
Denver, Colorado 80206
(303) 573-7777
(303) 825-3950
Frank@CoppolaMelonakis.com

R. Douglas Gentile
Jeffrey D. Rowe
Douthit Frets Rouse Gentile & Rhodes, LLC
5250 W. 116th Place, Suite 400
Leawood, Kansas 66211
(913) 387-1600
(913) 928-6739 – fax
dgentile@dfrglaw.com
jrowe@dfrglaw.com
*Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December, 2015, a true and correct copy of the foregoing **PLAINTIFFS' TENDER OF REVISED JURY INSTRUCTIONS NOS. 1 AND 14** was served on the following parties.

John M. Fitzpatrick
Michico A. Brown
Erin F. Frohardt
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, Colorado 80202
Fitzpatrick@wtotrial.com
Brown@wtotrial.com
Frohardt@wtotrial.com

Dan H. Ball
Richard Cassetta
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
dhball@bryancave.com
richard.cassetta@bryancave.com

/s/ Amanda J. Freeman
Amanda J. Freeman, Paralegal

*Original duly signed and on file at the office of Franklin D. Azar & Associates, P.C.*

INSTRUCTION NO. 1

The Court will now explain the claims and defenses of each party to the case and the law governing the case. These instructions include both general instructions and instructions specific to the claims and defenses in this case. You must consider all the general and specific instructions together. You must all agree on your verdict, applying the law, as you are now instructed, to the facts as you find them to be.

The parties to this case are: Tony Hadjih, individually and on behalf of his minor son, Amazigh Hadjih, the Plaintiffs, and Evenflo Company, Inc., the Defendant.

Plaintiffs claim that Amazigh Hadjih was involved in a motor vehicle accident on June 10, 2005, when he was four months old. At the time, Amazigh was seated in an Evenflo Discovery Model 316 Car seat. This car seat consists of two pieces: a snap-in seat (the "carrier") and a base. The car seat can be used in two ways: first, by securing the base with the seat belt and then snapping the carrier into it; or, second, by securing the carrier itself with the seat belt and not using the base at all.

On the day of the accident Amazigh was properly restrained in the back seat of the Hadjih Family Jeep using the two-piece configuration of the Discovery Model 316, which had been properly installed. His mother, Razika Daya Hadjih, misjudged traffic and pulled the Jeep in front of an oncoming truck. The truck struck the passenger side of the Jeep, separating Amazigh's carrier, with him strapped in, from the base and sending it airborne into the back of the Jeep. The infant boy suffered a skull fracture and a severe traumatic brain injury that has left him permanently impaired.

On his own and his son's behalf, Amazigh's father sued Evenflo, seeking damages on theories that the car seat was defectively designed and that Evenflo had not provided a sufficient warning. The defective design theory focused on the latching mechanism by which the carrier was attached to the base. In a previous proceeding it was determined that the plaintiffs are not entitled to recover damages from defendant Evenflo on their claim of sale of a defectively designed product. Therefore, there is no issue in this trial as to whether the car seat or its latching mechanism was defectively designed.

This trial concerns the failure to warn theory. The plaintiffs claim that Evenflo knew or should have known before this accident that Discovery Model 316 carriers were prone to detach from their bases, and that Evenflo should have warned consumers about the danger of the carrier's separating from the base. Plaintiffs claim that a proper warning would have informed the user ~~that the car seat was safer to use without the convenience base than with the convenience base but Evenflo failed to disclose this information to consumers of the product~~ about that dangerous risk of harm and that it could be avoided by using the Discovery seat without its base. Plaintiffs claim that if they had received such a warning they would either have not used the car seat at all or would not have used in with its base. The parties agree that federal regulations require that the manufacturer must supply certain warnings and information with child car seats. The parties agree that the warnings and information proposed by plaintiffs in this case are neither required by nor prohibited by the federal regulations. The parties also agree that the Discovery model car seat, whether used with or without the convenience base, complies with the dynamic testing requirements of the federal regulations.

Evenflo denies plaintiffs' claims and denies that its conduct caused any of plaintiffs' claimed injuries, damages, or losses. Evenflo claims that a fundamental purpose of this car seat

was to provide the convenience of the two-piece configuration while also allowing the infant to be safely secured in the vehicle, and that his design accomplished both purposes. Evenflo claims that the injuries sustained by Amazigh Hadjih were the result of a violent collision, not the absence of an additional warning to the user of the car seat. As an affirmative defense, Evenflo claims that the negligence of the designated nonparty at fault, Razika Daya Hadjih, caused plaintiffs' injuries, damages, or losses, if any.

These are the issues that you are to decide.

INSTRUCTION NO. 14

For the plaintiffs, Tony Hadjih and Amazigh Hadjih, to recover from defendant Evenflo on their claim of failure to warn, you must find that all of the following have been proved by a preponderance of the evidence that:

1. Evenflo knew or in the exercise of reasonable care should have known that the use of the Discovery Infant 316 Car Seat might be harmful or injurious to a user of the product, namely, that the carrier could be separated from the base in the event of a vehicle accident, ~~such that Evenflo should have warned the user that the car seat was safer to use without the convenience base than with the convenience base~~,

2. Evenflo knew or in the exercise of reasonable care should have known that the risk of harm or injury would not be obvious to a reasonable user,

3. A reasonably careful manufacturer under the same or similar circumstances would have provided a warning about that risk and that the risk would be reduced or eliminated if the user chose to attach the carrier to the vehicle without the base, and

4. The absence of such a warning was a cause of injuries, damages or losses to the plaintiffs.

If you find that any one or more of these four statements has not been proved, then your verdict must be for defendant Evenflo.

On the other hand, if you find that all four of these statements have been proved, then your verdict must be for plaintiffs Tony Hadjih and Amazigh Hadjih.